(No. 5608.   June 5, 1930.)

In the Matter of the Application of LLOYD HOLLINGS-WORTH for a Writ of Habeas Corpus.

[289 Pac. 607.]

P. J. Evans, for Petitioner, cites no authority on points decided.

W. D. Gillis, Attorney General, Fred J. Babcock, Assistant Attorney General, and Arthur W. Hart, Prosecuting Attorney, for Respondent.

McNAUGHTON, J.—Petitioner was arrested for arson and taken before the probate judge of Franklin county. A preliminary hearing was had and he was bound over to answer the charge before the district court.

The committing magistrate at the preliminary hearing admitted petitioner to bail in the sum of $1500. This bond was given. Later one of the bondsmen, desiring to be released from the bond, surrendered petitioner to the committing magistrate and the sheriff, and the bondsman was released. This proceeding is to inquire into the right of the sheriff to detain the petitioner in custody under the commitment.

Petitioner's case is founded on the claim that most of the evidence offered at the preliminary hearing was incom-

pctent as hearsay, and that there was not enough legal evidence to show probable cause either of the crime of arson having been committed or of petitioner's guilt.

It appears that at about 3 A. M. on March 11, 1930, in the town of Preston, Franklin county, the dwelling-house of one Monson, occupied by petitioner as tenant, was totally destroyed by fire; that alarm of the fire had been given but it was impossible to operate the fire-engine. In the morning it was discovered that the engine had been put out of commission prior to the fire by some unknown person who had "pinched the gas line." The building was totally destroyed.

Fred Bosworth, who was a relative of petitioner, left the neighborhood shortly after, and later was apprehended and arrested at Hagerman Valley. Bosworth was the main witness for the state at the preliminary hearing. He had made a written statement in which he admitted a criminal conspiracy entered into between himself, petitioner and the owner of the building. According to his statement this conspiracy was entered into a considerable time before the date of the fire. It continued down to the very hour of the fire. He related every detail from the renting of the building by petitioner in furtherance of the conspiracy, down to removing petitioner's family between 9 and 10 o'clock on the night of the fire. He told of the procurement of gasoline for the purpose, paid for by the check of the owner. He related the conversation between himself and petitioner after 2 o'clock in the morning of the fire regarding a likely place to kindle the fire. At the preliminary hearing this statement was produced. Bosworth admitted making it but stated it was all false and without foundation in fact. The committing magistrate considered it in connection with other evidence. In spite of the attempt to impeach it we think it was properly considered.

■■ This was only a preliminary examination. This court has held, "A preliminary examination is not in any sense a trial but its only purpose is to ascertain whether a crime has been committed and whether there is probable

cause for believing that the accused is guilty thereof and should be tried therefor." (*State v. Bond*, 12 Ida. 424, 86 Pac. 43.) In the reception of evidence the committing magistrate is not governed by the technical rules obtaining on a final trial. (16 C. J., p. 325.)

This confession or admission of a criminal conspiracy between the witness, the petitioner and the owner of the building, did not rest upon hearsay. It was a positive statement of direct knowledge by one of the conspirators. Until impeached it is evidence of a criminal conspiracy pursuant to C. S., sec. 8204, which involved the petitioner.

We think it too technical to hold inadmissible upon a preliminary hearing evidence which is competent to prove a criminal conspiracy to commit the crime set forth in the complaint. The release of the petitioner is therefore denied, and it is ordered that he be remanded to the care and custody of the sheriff of Franklin county.

Givens, C. J., and Lee and Varian, JJ., concur.

Budge, J., did not participate.