(No. 29521.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBIE STARKS, Plaintiff in Error.

*Opinion filed January 22, 1947.*

HERBIE STARKS, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, under an indictment filed in the criminal court of Cook county, was, on January 30, 1942, found guilty of robbery and sentenced to the Illinois State Penitentiary for a term of not less than one and not more than twenty years, and the trial court recommended, under the amendment of the Sentence and Parole Act of 1941, that he serve not less than four nor more than five years. At the May, 1945, term of this court, on writ of error, No. 28861, (not reported), confessed by the People, the judgment was reversed under the ruling in *People* v. *Montana,* 380 Ill. 596, and the cause was remanded for the entry

of a proper sentence. Plaintiff in error, at the time of remandment, had served about three years and five months of the void sentence. After remandment the trial court placed plaintiff in error on probation for a period of two years. After approximately five months plaintiff in error was adjudged to have violated his parole and the trial court, on November 26, 1945, sentenced him to the Illinois State Penitentiary for a term of from one to twenty years, the punishment prescribed by the statutes in force at the time of his conviction.

By this writ of error, plaintiff in error, appearing *pro se,* brings before us the common-law record of the judgment of November 26, 1945. He assigns but one error, *viz.,* that the court erred in sentencing him to a term of from one to twenty years without giving him credit for the time served under the void sentence, thus increasing his punishment beyond that prescribed by law.

Plaintiff in error's argument in support of this assignment of error is that the trial court had no power, right or authority to exceed the original sentence of not less than four years nor more than five years. His contention is that the last sentence of from one to twenty years is an increase of a sentence part of which has been served, without allowing credit for any part of the time served under the previous sentence which this court held to be erroneous. This argument overlooks the fact that the service was under a sentence entirely void. Where a conviction, as in the case before us, is valid, and only the sentence is invalid, the order remanding the cause for proper sentence in nowise affects the validity of the judgment against the accused and the order on remandment is to enter a sentence proper under the law. (*People* v. *Atkinson,* 376 Ill. 623; *People* v. *Wood,* 318 Ill. 388; *People* v. *Boer,* 262 Ill. 152.) The rule is not changed even though the defendant has served a substantial part of such erroneous sentence. *People* v. *Atkinson,* 376 Ill. 623.

The statute in force at the time plaintiff in error was found guilty required a sentence for the crime of robbery of from one to twenty years, which is the sentence imposed by the court, as directed by the remanding order of this court. The 1941 amendment to the Sentence and Parole Act, held unconstitutional in *People* v. *Montana,* 380 Ill. 596, provided that the court shall in each case make an advisory recommendation of the minimum and maximum limits of the duration of the imprisonment. In the *Montana case* it was held that the Sentence and Parole Act, as it existed prior to the amendment of 1941, afforded the only guide to be followed by the court in sentencing prisoners convicted of crime. *Rippinger* v. *Niederst,* 317 Ill. 264; *People ex rel. Akin* v. *Butler Street Foundry and Iron Co.* 201 Ill. 236; *People ex rel. Kern* v. *Nelson,* 156 Ill. 364.

At the time the sentence before us was imposed, the 1943 amendment to the Sentence and Parole Act was in force. Section 2 of the amended act provides that the court in imposing sentence to the penitentiary shall fix the minimum and maximum limits of duration of imprisonment. Under section 4 of the act in relation to the construction of statutes, (Ill. Rev. Stat. 1945, chap. 131, par. 4, p. 3257,) plaintiff in error could have, if he consented to the application of section 2 of the Sentence and Parole Act as amended in 1943, been sentenced under the provisions of that act. (Ill. Rev. Stat. 1945, chap. 38, par. 802.) The record before us does not show that such an election was made by him, and therefore, under the remanding order of this court in No. 28861, plaintiff in error not having elected to be sentenced under the 1943 act, the plain duty of the trial court was to sentence him under the statute in effect at the time of his conviction, which sentence was from one to twenty years for the crime of robbery. Plaintiff in error, by his writ of error in No. 28861, sought correction of the erroneous sentence and so must abide the consequences

of such correction. *Murphy* v. *Massachusetts*, 177 U.S. 155, 44 L. ed. 711.

Plaintiff in error insists he should have been given credit for the time he had served under the erroneous sentence and that failure to do so, in the sentence sought to be reversed, imposes upon him the necessity of his remaining in custody beyond the eleven years' maximum incarceration, allowing for good time, under a sentence of from one to twenty years. His contention is that under the judgment sought to be set aside, he must serve a maximum of eleven years, which, together with the three years and five months he served under the erroneous judgment, will require him to serve more time than provided for as the penalty for robbery. The maximum penalty for the crime of robbery is twenty years. Whether plaintiff in error will be paroled prior to that time is not for this court, on the record presented to us, to determine.

The judgment entered against plaintiff in error was, on his writ of error in No. 28861, reversed and the remanding order directed the trial court to resentence him. The trial court had no power to resentence plaintiff in error *nunc pro tunc* as of the date of the original sentence. The court's only power was to enter a proper sentence as directed by the remanding order. (*People* v. *Wilson*, 391 Ill. 463; *Tribune Co.* v. *Emery Motor Livery Co.* 338 Ill. 537; *People ex rel. Kastning* v. *Militzer*, 301 Ill. 284.) The judgment and sentence became operative from the date of its entry.

Finding no error in the record, the judgment of the criminal court is affirmed.

*Judgment affirmed.*