(No. 30428.—)

THE PEOPLE *ex rel.* Floyd A. Boyle, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed September 24, 1948.*

FLOYD A. BOYLE, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM C. WINES, of Chicago, of counsel,) for respondent.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an original petition for writ of *habeas corpus* filed in this court by Floyd A. Boyle, an inmate of the penitentiary, in which he contends that he has been illegally detained in the penitentiary since April 24, 1947.

Petitioner pleaded guilty and was convicted in the circuit court of Winnebago County on July 13, 1942, of the crime of robbery, and was sentenced to imprisonment in the penitentiary for an indeterminate term of from one to twenty years, the trial judge adding a recommendation of a minimum term of four years and a maximum of ten years, in accordance with the Sentence and Parole Act, as amended in 1941. (Laws of 1941, p. 560.) Petitioner was committed to the penitentiary on July 24, 1942. Subsequently the 1941 amendment to the Sentence and Parole

Act was declared unconstitutional, and advisory recommendations made pursuant to the statute were rendered void. (*People* v. *Montana,* 380 Ill. 596.) Petitioner then sued out a writ of error to this court and, at the January term, 1945, upon confession of error by the Attorney General, the cause was remanded to the trial court for entry of a proper sentence. *People* v. *Boyle,* No. 29359 (not reported.)

Upon remandment, petitioner appeared before the circuit court of Winnebago County on January 31, 1945, and elected, as was his right, (Ill. Rev. Stat. 1947, chap. 131, par. 4,) to be resentenced under the 1943 amendment to the Sentence and Parole Act, (Ill. Rev. Stat. 1947, chap. 38, par. 802), rather than under the act as it existed prior to the adoption of the 1941 amendment. (Ill. Rev. Stat. 1939, chap. 38, pars. 801 *et seq.*) He was then sentenced to a term of not less than two years nor more than seven years, and re-entered the penitentiary on February 13, 1945. Shortly thereafter, petitioner was informed by the Department of Public Welfare that his corrected sentence of from two to seven years began to run from February 13, 1945; that the Division of Correction had no jurisdiction to credit the second sentence with the two and one-half years served under the first sentence, and that counting good behavior time, he would be discharged on November 13, 1949. Later he was denied admission to parole and ordered to serve his full sentence of seven years less time off for good behavior.

Petitioner here contends that his corrected sentence should run from July 24, 1942, and that in view of credits for good time, he was eligible for discharge from his seven-year term on April 24, 1947. Respondent asserts that the corrected sentence did not begin to run until petitioner was recommitted to the penitentiary on February 13, 1945, and that even with continued good behavior, petitioner will not be entitled to his freedom until November 13, 1949.

The issue raised by petitioner has been before this court frequently in recent years, and has been decided adversely to him. (*People* v. *Lueckfield,* 396 Ill. 520; *People* v. *Heard,* 396 Ill. 215; *People* v. *Judd,* 396 Ill. 211; *People* v. *Starks,* 395 Ill. 567; *People* v. *Wilson,* 391 Ill. 463.) The facts in the *Wilson case* are almost exactly the same as those in the present case. We held there that where a defendant elects to be resentenced under the Parole Act of 1943, the trial court has no power to resentence him *nunc pro tunc* as of the date of his original sentence and has no authority to allow him credit for time served under the original sentence. Here the petitioner elected to be resentenced under the 1943 act and his sentence must necessarily have begun on February 13, 1945, when he was recommitted under proper sentence. Both petitioner and respondent admit that the minimum time in which a seven-year sentence may be fully satisfied is by imprisonment for four years and nine months with good behavior. Thus with continued good behavior it is obvious that petitioner will not be eligible for discharge until November 13, 1949.

In seeking to have this court credit him with time served prior to the resentence, petitioner relies greatly on the rules of other jurisdictions wherein time served under erroneous sentences was held to be a credit on a corrected sentence. (*McDonald* v. *Moinet,* 139 Fed. 2d. 939; *Wilson* v. *Bell,* 137 Fed. 2d 716; *Ex parte Phair,* 2 Cal. App. 2d 669; *Ex parte Wignall,* 193 Cal. 387; *D'Allesandro* v. *Tippins,* 98 Fla. 853; *Jackson* v. *Commonwealth,* 187 Ky. 760.) Without further analyzing the laws of the jurisdictions from whence these opinions came, it will suffice to say that they are not binding on this court. As we have previously pointed out in the *Wilson case,* under our form of government the judiciary has no right to control either the legislative nor executive departments of the government. We do not make laws, but are authorized only to interpret them. The petitioner elected to be sentenced under the Parole

574

Act of 1943; having so elected he is bound by the sentence given him under that law. Any remedy or relief requiring credit for time served under his original sentence lies with the legislative or executive departments, as this court has no power to require credit, upon a new sentence, of time served by a prisoner upon the original sentence. *People* v. *Judd,* 396 Ill. 211; *People* v. *Atkinson,* 376 Ill. 623.

The petitioner is remanded to the custody of the respondent.

*Petitioner remanded.*