(No. 31130.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER WILLIAMS, Plaintiff in Error.

*Opinion filed January 18, 1950.*

WALTER WILLIAMS, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and RICHARD T. CARTER, State's Attorney, of Belleville, for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Walter Williams, was convicted of the crime of robbery, after a jury trial, in the circuit court of St. Clair County. Judgment was entered on the verdict October 9, 1944, and he was sentenced to the penitentiary for a term of not less than one year nor more than twenty years. In an advisory opinion the court recommended that he be confined for a term of not less than fifteen years nor more than twenty years. This sentence was erroneous under the Sentence and Parole Act as amended in 1943. (Ill. Rev. Stat. 1949, chap. 38, par. 802.) On confession of error by the Attorney General, this court remanded the cause to the circuit court of St. Clair County for proper sentence.

October 10, 1946, plaintiff in error was resentenced to the penitentiary for an indeterminate term between the limits of not less than one year nor more than twenty years, but in compliance with section 2 of the Sentence and Parole Act, as amended in 1943, the court fixed the minimum and maximum duration of imprisonment. The minimum limit was fixed at twelve years and the maximum duration was fixed at twenty years. Plaintiff in error, appearing *pro se,* seeks reversal of this judgment on the ground that the court erred in resentencing him for a maximum term of twenty years without giving credit for the two years already served under the original sentence.

The term of imprisonment provided by law for robbery, the crime for which plaintiff in error was convicted, was for not less than one year and not more than twenty years. Under section 2 of the Sentence and Parole Act the maximum limit of imprisonment fixed by the court could have been less but not greater than the maximum provided by law for the offense. While the court could, under the pro-

visions of this section, have fixed a maximum limit of less than twenty years it was not obliged to do so. (*People* v. *Judd*, 396 Ill. 211.) The court had no power to resentence plaintiff in error *nunc pro tunc* as of the date of the original sentence and had no authority to allow plaintiff in error credit for time served under the prior erroneous sentence. *People ex rel. Boyle* v. *Ragen*, 400 Ill. 571; *People* v. *Wilson*, 391 Ill. 463.

Where a conviction is valid but the sentence is invalid, the order remanding the cause for proper sentence in nowise affects the validity of the judgment against the accused and the order on remandment is to enter a sentence proper under the law. This rule is not changed even though the defendant has served a part of such erroneous sentence. (*People* v. *Starks*, 395 Ill. 567; *People* v. *Atkinson*, 376 Ill. 623.) When the plaintiff in error was resentenced the trial court entered a proper sentence under the law applicable to the crime for which he was convicted.

The judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*