STATE v. JAMES R. SEARCY
AND
STATE v. McKINLEY MILLER
AND
STATE v. STANLEY MORROW.

(Filed 25 November, 1959.)

1. Constitutional Law § 28—

A defendant may not be tried initially in the Superior Court even for a misdemeanor without an indictment unless he waives the finding and return of an indictment in accordance with the provisions of G.S. 15-140, and where the record fails to show that defendant's counsel, if any he had, consented to the waiver of indictment, the judgment entered in the cause must be arrested. Constitution of North Carolina, Article 1, section 12.

2. Same: Criminal Law § 18—

Where defendant has been tried in an inferior court for a misdemeanor he may be tried in the Superior Court de novo on appeal upon the original warrant.

3. Criminal Law § 169—

Where sentences for misdemeanors are made to run consecutively and the judgment upon which the first sentence is based is arrested, the cause must be remanded for proper sentence for the other offenses.

Defendants jointly petition for *certiorari* to obtain appellate review of trial records and judgments rendered by *McLean, J.*, in specified criminal actions in Superior Court, August and September Terms, 1959, of BUNCOMBE.

Defendant Searcy was tried in the Police Court of the City of Asheville on three separate warrants charging public drunkenness. He appealed to Superior Court. On 18 August 1959, these cases were tried on the warrants in Superior Court as cases numbered 59-634, 59-680 and 59-711. He entered plea of guilty in each of these cases. At the same time he was tried in cases numbered 59-634A, 59-680A and 59-711A. With respect to each of these the minutes of the court show an entry as follows; "By and with consent of defendant, waived the bill of indictment and tenders a plea of guilty to unlawful possession of whisky." There are no other entries relating to the waiver of bills of indictment. The court imposed prison sentences in the cases as follows: 59-634, 30 days; 59-634A, 6 months; 59-680, 30 days; 59-680A, 6 months; 59-711, 30 days; and 59-711A, 6 months. It was provided that these sentences should run consecutively and in the order listed here. The prison sentences were suspended upon condition that defendant "not own, possess or drink any intoxicating

liquors" during the ensuing five year period (and other conditions not pertinent here). Defendant was returned to Superior Court at term on 2 September 1959, and the court, after hearing evidence, found as a fact that defendant was publicly drunk on a street in Asheville on 19 August 1959. Upon this finding the court made an order putting the prison sentences into effect. Defendant gave notice of appeal.

Defendant Miller was tried in the Police Court of the City of Asheville on three separate warrants charging public drunkenness. He appealed to Superior Court. On 18 August 1959, he was tried upon the warrants and the cases were numbered 59-702, 59-703 and 59-710. He entered pleas of guilty therein. At the same time he was tried in cases numbered 59-702A, 59-703A and 59-710A. With respect to each of these the court minutes show an entry as follows: "By and with consent of the defendant, waives the bill of indictment and tenders a plea of guilty to unlawful possession of whiskey." There are no other entries relating to the waiver of bills of indictment. The court imposed prison sentences in the cases as follows: 59-702, 30 days; 59-702A, 6 months; 59-703, 30 days; 59-703A, 6 months; 59-710, 30 days, and 59-710A, 6 months. It was adjudged that these sentences run consecutively and in the order listed here. The prison sentences were suspended on condition that defendant "not own, possess or drink any intoxicating liquors" during the ensuing five years. The defendant was returned to court at term on 2 September 1959, and the court, after hearing evidence, found as a fact that defendant had been publicly drunk on a street in Asheville in violation of the condition above recited. Pursuant to this finding the court made an order putting the prison sentences into effect. Defendant gave notice of appeal.

Defendant Morrow was tried in Police Court of the City of Asheville on a warrant charging public drunkenness. He appealed to Superior Court. He was tried on the warrant, case number 59-778, in Superior Court on 19 August 1959. He entered a plea of guilty. He was also tried on this date in case number 59-778A. In this case the court minutes show the following entry: "Defendant waives the finding of a bill of indictment and tenders a plea of guilty to unlawful possession of whiskey." This is the only entry with respect to waiving bill of indictment. The court entered judgment imposing a prison sentence of 30 days in case number 59-778 and 18 months in case number 59-778A, the 18-months sentence to begin at the expiration of the 30-days sentence. The prison sentences were suspended on condition that the defendant "not own, possess or drink

any intoxicating liquor" during the two years next ensuing. Defendant was returned to court at term on 3 September 1959, and the court, after hearing evidence, found as a fact that defendant had been publicly drunk on a street in Asheville in violation of the condition above referred to. The court ordered that the prison sentences be put into effect. Defendant gave notice of appeal.

Defendants complain that, though the court fixed the amounts of appeal and appearance bonds, they are unable to furnish the bonds and are confined in jail without means or assistance for perfecting their appeals.

*Attorney General Seawell and Assistant Attorney General Bruton for the State.*
*No counsel contra.*

PER CURIAM.  Article I, section 12, of the Constitution of North Carolina provides that "no person shall be put to answer any criminal charge except as hereinafter allowed, but by indictment, presentment or impeachment, but any person, when represented by counsel, may, under such regulations as the Legislature shall prescribe, waive indictment in all except capital cases."

G.S. 15-140 provides that a defendant, when the offense charged is a misdemeanor, may waive bill of indictment but that he may not do so "unless by consent of the defendant's counsel in such action who shall be one either employed by defendant to defend him in the action or one appointed by the court to examine into the defendant's case and report as to the same to the court." In the instant cases the minutes of the court do not affirmatively disclose that counsel for defendants, if any they had, consented to the waiving of the finding and return into court of the bills of indictment. We must assume that the record is true and correct and no such consent was given. The purported waivers of bills of indictment were not in accordance with the statute and are invalid and in the absence of bills of indictment found and returned into court by the Grand Jury in cases numbered 59-634A, 59-680A, 59-711A, 59-702A, 59-703A, 59-710A, and 59-778A, the court was without authority to proceed to trial or to enter judgment. *State v. Thomas,* 236 N.C. 454, 459, 73 S.E. 2d 283. No warrants had been issued in these cases, charging defendants with "unlawful possession of whiskey," and defendants had not been tried in an inferior court on such charges.

The judgments are arrested in cases numbered 59-634A, 59-680A, 59-711A, 59-702A, 59-703A, 59-710A, and 59-778A. If the State so elects, defendants may be again tried in the cases enumerated next

above provided proper bills of indictment are returned by the Grand Jury or bills of indictment are properly waived.

In the cases, numbered 59-634, 59-680, 59-711, 59-702, 59-703, 59-710 and 59-778, warrants were issued and executed, charging public drunkenness, and defendants were tried in the City Court of Asheville and appealed. In Superior Court defendants were tried *de novo* on the warrants. In these cases the court had jurisdiction to entertain the pleas and enter judgments. *State v. Thomas, supra,* at page 460. Prison sentences were imposed and suspended on conditions. The court has found as a fact that conditions have been breached and has ordered the sentences to be served.

Since the judgments in the cases in which defendants were charged with unlawful possession of whiskey, enumerated above, have been arrested, this renders uncertain and indefinite the time of beginning of the sentences in cases numbered 59-680, 59-711, 59-703 and 59-710; and these cases are remanded for proper sentences. *State v. Austin,* 241 N.C. 548, 85 S.E. 2d 924.

We affirm the judgments in cases numbered 59-634, 59-702 and 59-778, and the orders putting prison sentences into effect. Commitments shall issue in these cases.

If defendants have already been committed, they shall be credited with time served. *State v. Austin, supra.*

On petition of Searcy: Case No. 59-634, judgment and order affirmed; Cases Nos. 59-634A, 59-680A and 59-711A, judgments arrested; Cases Nos. 59-680 and 59-711, remanded for proper sentences.

On petition of Miller: Case No. 59-702, judgment and order affirmed; Cases Nos. 59-702A, 59-703A and 59-710A, judgments arrested; Cases Nos. 59-703 and 59-710, remanded for proper sentences.

On petition of Morrow: Case No. 59-778, judgment and order affirmed; Case No. 59-778A, judgment arrested.