UNITED STATES ex rel. Jerry
GRABINA, Petitioner,

v.

Alex KRIMSKY, Respondent.

United States District Court
S. D. New York.

Aug. 7, 1962.

Irving Younger, New York City, for petitioner, Jerry Grabina.

U. S. Atty., New York City, for respondent, Alex Krimsky.

RYAN, Chief Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and for an order discharging petitioner from custody on the ground that he has been punished twice upon a single conviction for a crime.

Petitioner, Jerry Grabina, was convicted on May 10, 1960, after a jury trial, of unlawfully possessing forged and counterfeited $100 Federal Reserve notes and of conspiracy to do so, in violation of Title 18, Sections 472 and 371, U.S.C.A. On the same day, Judge Bicks sentenced petitioner under Section 4208(b), Title 18 U.S.C.

On November 9, 1960, Judge Bicks imposed on Count 1 a maximum imprisonment term of seven and one-half (7½) years under Section 4208(b), and on Count 2 suspended sentence provided petitioner left the United States after serving the term imposed on Count 1 and never returned. On October 26, 1961, the United States Court of Appeals, Sec-

ond Circuit, affirmed the conviction and sentence (295 F.2d 792). On November 28, 1961, the Court of Appeals denied petitioner's plea for a rehearing on the ground that the right of allocution had been denied him on May 10 and November 9, 1960. On April 16, 1962, on a writ of certiorari filed by petitioner, the Supreme Court entered a *per curiam* order setting aside the sentence of November 9, 1960, and remanded the petitioner to the District Court for resentencing (369 U.S. 426, 82 S.Ct. 880, 8 L.Ed.2d 7).

■ On May 24, 1962, Judge Bicks entered "an amended judgment", and with petitioner present in Court, imposed a sentence of a term of imprisonment of five (5) years on Count 1 and suspended sentence on Count 2 upon the same conditions as previously set by him on November 9, 1960. However, Judge Bicks attempted to make the five year term of imprisonment effective as of May 10, 1960; this he was without power to do and this provision rendered the sentence invalid.

Subsequent to this, petitioner on May 29, 1962 was given leave to prosecute an appeal in forma pauperis.

On July 16, 1962, petitioner was brought before me on a Writ of Habeas Corpus for resentencing. The purported judgment and sentence of May 24, 1962 was declared a nullity and vacated and petitioner was sentenced to eighteen (18) months on each of Counts 1 and 2, to run concurrently with each other from that date.

Petitioner, on July 24, 1962, then moved for reduction of sentence (Federal Rules of Criminal Procedure, Rule 35, 18 U.S.C.). On July 27, 1962, petitioner then asked for a Writ of Habeas Corpus and for an order discharging him from custody; this is presently before us.

■ Federal Rules of Criminal Procedure, Rule 35, which provides for the correction of an illegal sentence at any time, was a codification of existing law; it removed any doubt created by judicial decision as to the jurisdiction of a District Court to correct an illegal sentence even after expiration of the term at which it was entered. The rule has been read to provide that "where a void order has been entered in a criminal case, the effect is the same as if no order at all had been made, 'and the case necessarily remains pending until lawfully disposed of by sentence.' Miller v. Aderhold, 288 U.S. 206, 211, 53 S.Ct. 325, 326, 77 L.Ed. 702." (Wilson v. Bell, 6 Cir., 137 F.2d 716, 720.)

■■ The Constitutional prohibition against "double jeopardy" was designed to protect a person from the dangers of trial and possible conviction more than once for the same alleged offense. A valid sentence cannot be augmented once service of the sentence has begun (United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354), but it is clear that where a defendant successfully attacks an invalid sentence, he has waived his protection against double jeopardy and he can be resentenced (Murphy v. Commonwealth of Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711). If an error cannot be corrected by resentencing, then no valid and enforceable sentence can be imposed. The "doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence" has been rejected. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 15, 98 F.2d 291, 296." Bozza v. United States, 330 U.S. 160, 166–167, 67 S.Ct. 645, 91 L.Ed. 818, affirming United States v. Bozza, 3 Cir., 155 F.2d 592.

Petitioner relies on Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872, for the proposition that he has been placed in jeopardy twice. The defendant in Ex parte Lange had been sentenced to a term of imprisonment *and* a fine under a statute which provided for imprisonment *or* a fine. Defendant paid the fine and was serving the prison term

when he was resentenced to another term under the same statute. It was held the defendant had satisfied the punishment imposed by paying the fine, which was one of the alternative provisos, and thereby could not be subjected to a second sentence for the same crime.

Here, petitioner had not been imprisoned under a valid sentence until July 16, 1962, when this Court vacated the invalid sentence of May 24, 1962. On that date petitioner was before the Court, had his right of allocution and has no grounds to complain as to the validity of that sentence or that it placed him in jeopardy twice.

Petitioner's motion for a Writ of Habeas Corpus and for an order discharging him from custody is denied; so ordered.