**Willie L. GILLIAM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17277.**

United States Court of Appeals District of Columbia Circuit.

Argued April 10, 1963.

Decided May 3, 1963.

Certiorari Denied Oct. 14, 1963.

See 84 S.Ct. 107.

Mr. Irving R. M. Panzer, Washington, D. C. (appointed by this court), for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and WRIGHT, Circuit Judges.

PER CURIAM.

This appellant was found guilty of a violation of D.C.Code, § 22–3501(a) (1961). He claims that a judge of the Municipal Court (now the Court of General Sessions) peremptorily denied him an adequate preliminary examination. He relies upon a provision of Fed.R.Crim. P. 5(c) which requires when a defendant does not waive examination that the magistrate "shall hear the evidence" at a hearing where the accused "may cross-examine witnesses against him and may introduce evidence in his own behalf."

We agree that this appellant should have been accorded an adequate opportunity not only to hear the evidence against him, but to cross-examine witnesses and to introduce evidence. However, cross-examination was permitted, though perhaps not as fully as desired, and the accused offered no evidence that was excluded. Moreover, a valid indictment was returned against the appellant, and in all the circumstances of this case such shortcomings as may have attended the conduct of the preliminary hearing do not infect the case with error which invalidates the judgment of conviction.

Appellant argues further that police brutality against him requires that we reverse his conviction. We have noted the sense of outrage voiced by appellant's counsel, indeed there is testimony that the accused was beaten in excess of whatever force reasonably might have been required to subdue him. Yet, we are bound to say that the conviction was reached entirely apart from the police misbehavior, and the appellant must be remitted to such other remedies as are afforded by law.*

We find without merit such other contentions as have been urged by a dutiful court-appointed counsel.

Affirmed.

WRIGHT, Circuit Judge (concurring).

I concur reluctantly in affirmance. When police brutality and judicial intemperance resulting in a denial of due process of law appear in a criminal proceeding, it may well be that responsible administration of justice requires that the proceedings be set at naught, even though the brutality and the intemperance cannot be shown to have infected the trial itself. Only the overwhelming proof of guilt here makes this case an inappropriate one for breaking new ground by imposing this prophylactic sanction. Compare concurring opinion in Killough v. United States, 114 U.S. App.D.C. 305, 317, 315 F.2d 241, 253 (1962).

---

* Cf. Monroe v. Pape, 365 U.S. 167–187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).