392 P.2d 542

**Rufus William FREEMAN, Petitioner-Appellant,**

**v.**

**STATE of Idaho, Defendant-Respondent.**

**No. 9409.**

Supreme Court of Idaho.

April 27, 1964.

Rehearing Denied June 17, 1964.

Andrew M. Harrington, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Thomas G. Nelson, Asst. Atty. Gen., Boise, for respondent.

**KNUDSON, Chief Justice.**

On September 6, 1961, appellant, Rufus William Freeman, and one Jerry McGuire were arrested and jointly charged with the crime of robbery. A preliminary hearing was held September 19, 1961, at which time they were bound over to the district court of Twin Falls County. On September 28, 1961, they were arraigned before the said district court and at that time, pursuant to their request, the court appointed counsel to represent them. Trial was had and the jury returned a verdict of guilty as charged against both defendants.

On November 10, 1961, they were each sentenced to be imprisoned in the penitentiary of the state of Idaho for a term of not more than life imprisonment, the precise period of confinement to be determined by other authorities, according to law.

Thereafter said parties jointly appealed to this court from the judgment of conviction, which appeal was heard and disposed of in State v. Freeman, 85 Idaho 339, 379 P.2d 632 (hereinafter referred to as case No. 9173), wherein this court affirmed the judgment of conviction and remanded the cause to the trial court in Twin Falls County, with directions "to set aside the sentences heretofore pronounced and to afford appellants an opportunity to make a showing in support of their application for clemency; to grant or deny the application in whole or in part and to again pronounce sentence."

Pursuant to said mandate the trial court fixed 2:00 o'clock p. m. July 9, 1963, as the time it would hear appellant's application for clemency, at which time appellant and Jerry McGuire, together with their counsel, appeared. No evidence was introduced on their behalf, however oral argument was presented in support of their plea for clemency, following which the court pronounced judgment under which appellant and Jerry McGuire were each sentenced to "imprisonment in the penitentiary of the state of Idaho for the term of seventeen (17) years, such term to begin upon arrival of the de-

fendants at the penitentiary of the state of Idaho."

On August 21, 1963, appellant filed, in the District Court of the Third Judicial District, in and for Ada County, his petition for writ of habeas corpus alleging that he was being illegally restrained of his liberty by the warden of the Idaho State Penitentiary under an illegal and void commitment and in violation of his constitutional rights. A writ of habeas corpus was issued under date of August 23, 1963. Thereafter answer and return on said writ together with a traverse to the answer and return were regularly filed.

On September 12, 1963, a hearing was regularly had upon appellant's petition at which appellant appeared on his own behalf. After hearing and considering the evidence submitted, the trial court, on September 18, 1963, entered findings of fact, conclusions of law and judgment, whereby the writ of habeas corpus theretofore granted was ordered quashed and appellant remanded to the custody of the warden of the penitentiary of the state of Idaho. This appeal is from said judgment.

Concurrently with the filing of his notice of appeal appellant filed his affidavit stating that he was without money, means or properties with which to pay fees or employ counsel. Thereafter counsel was appointed to represent appellant upon this appeal.

Under appellant's first and second assignments of error it is contended that failure to appoint counsel to represent appellant at the preliminary hearing held September 19, 1961, following appellant's arrest upon the charge of robbery, constituted a denial of due process to appellant.

We have reviewed the record on appeal in case No. 9173, which contains certified copies of all docket entries and papers filed in said cause in the office of the committing magistrate before whom the preliminary hearing was held. The record of the committing magistrate does not disclose that any request whatever was made by appellant for the appointment of counsel, although it does disclose that the defendants (appellant and Jerry McGuire) were informed by the magistrate "of the charge against them and of their right to the aid of counsel on every stage of the proceedings."

The appeal record in case No. 9173 discloses that said defendants were arraigned before the district court on September 28, 1961, at which time the defendants advised the court that they were without funds with which to employ counsel and pursuant to their request counsel was appointed to represent them; that on the following day the defendants, with their counsel, appeared and entered their respective pleas of not guilty. The record does not show, nor does appellant contend, that any motion was, at

any time, made to the district court to quash or set aside the information or to otherwise challenge its validity upon the ground that the preliminary hearing had not been held according to law. In Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475, this court stated:

> * * * "Any objections to the information because of failure to comply with rules governing a preliminary examination are waived unless raised on motion to quash or set aside the information before plea."

See also I.C. § 19–1602; State v. Clark, 4 Idaho 7, 35 P. 710. Said record does not disclose that any complaint or mention whatever was made to the district court relative to the preliminary hearing nor was any error claimed or discussed in that regard before this court during its review of appellant's appeal (case No. 9173) on its merits. The first time that any such claim or contention on the part of appellant appears in either of the records before us is in the petition for writ of habeas corpus and accompanying affidavit.

We recognize that habeas corpus is an essential remedy to safeguard a citizen against imprisonment in violation of his constitutional rights (Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761); however, this court has repeatedly held that such proceeding may not be resorted to as an appellate remedy for the purpose of correcting errors occurring during trial which are not of such nature as to affect the jurisdiction of the court. Ex parte Olsen, 74 Idaho 400, 263 P.2d 388; Cobas v. Clapp, supra.

In In re John Knudtson, 10 Idaho 676, 79 P. 641, this court stated:

> "This is a court of original jurisdiction in matters of *habeas corpus,* and upon such application it cannot exercise the jurisdiction of an appellate court, or for such purpose convert itself into an appellate court for the examination of questions reviewable upon appeal."

Among the cases cited by appellant in support of his contentions that he was denied due process are Hamilton v. State of Alabama (Nov. 13, 1961), 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Walton v. Arkansas (Oct. 22, 1962), 371 U.S. 28, 83 S.Ct. 9, 9 L.Ed.2d 9; Gideon v. Wainwright (Mar. 18, 1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. In Hamilton v. Alabama, supra, the appellant contended that his constitutional rights had been violated since he had been denied counsel at the time of his arraignment. In discussing the importance of the arraignment involved, Justice Douglas pointed out that

> "Arraignment under Alabama law is a critical stage in a. criminal pro-

ceeding. It is then that the defense of insanity must be pleaded (15 Ala.Code § 423), or the opportunity is lost. Morrell v. State, 136 Ala 44, 34 So. 208. Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is 'not revisable' on appeal. [citations] Pleas in abatement must also be made at the time of arraignment." * * *

"Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes." * * *

█ In Walton v. Arkansas, supra, the petitioner, in the course of his arraignment proceedings, stated that his prior confession had been voluntarily and freely given. This acknowledgment was later used in evidence against him at the trial. The Supreme Court of the United States, in a *per curiam* decision, stated:

"* * * we are unable to conclude from the record filed in this Court either that petitioner had counsel at the time of the arraignment proceedings or, if not, that he was advised of his right to have counsel at such proceedings and that he understandingly and intelligently waived that right.

"In these circumstances we conclude that the judgment of the Supreme Court of Arkansas should be vacated and the case remanded to that court for further consideration in light of Hamilton v. Alabama (US) supra, * * *"

The case of Gideon v. Wainwright, supra, concerned the right of an accused to counsel at trial and did not involve the right of counsel at a preliminary hearing or arraignment. It is clear from the aforementioned cases that the state is required to furnish an indigent defendant, who is charged with a serious crime, representation by counsel at any critical stage of a criminal proceeding. Consequently, our problem in this case necessitates the determination as to whether the preliminary hearing, under the facts of this appeal, constituted a critical stage of the criminal proceedings against appellant.

█ Proceedings in criminal actions prior to arraignment before the district court are prescribed by I.C. title 19 chap. 8, which provides, among other things, that when a defendant is brought before a magistrate, he must be informed of his right to the aid of counsel in every stage of the proceedings (I.C. § 19–801); and that he

must be given a reasonable time to send for counsel (I.C. § 19–802). This court has repeatedly stated:

"A preliminary examination before a committing magistrate is in no sense a trial. The purpose is to obtain the judgment of a magistrate to the effect that a crime has or has not been committed, and if committed that there is reasonable ground to believe that the person accused is guilty of committing the crime. It is not to be expected, nor is it required, that the same formality and precision must obtain in a preliminary examination as is required upon the trial." State v. Bilboa, 33 Idaho 128, 190 P. 248.

See also: State v. Bond, 12 Idaho 424, 86 P. 43; In re Hollingsworth, 49 Idaho 455, 289 P. 607.

A review of recent decisions of the United States Supreme Court, and other courts of federal jurisdiction, wherein like questions have been considered in connection with the Sixth and Fourteenth Amendments to the Constitution of the United States, are important and helpful in resolving the issue here presented.

White v. State of Maryland (Apr. 29, 1963), 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193, cited by appellant, illustrates that a preliminary hearing, under some conditions may be regarded as a critical stage in a criminal proceedings. In that case the accused was arraigned before a magistrate at a preliminary hearing at which time he entered a plea of guilty to a capital offense, without being represented by counsel. Under Maryland law, at the time, it was not necessary for the accused to enter a plea at that stage of the criminal proceeding. At his trial the plea of guilty made at the preliminary hearing was introduced in evidence, following which trial he was sentenced to death. The Supreme Court *per curiam* held:

"Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it. was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel."

In Headen v. United States (C.C.A., D.C., Mar. 14, 1963), 115 U.S.App.D.C. 81, 317 F.2d 145, the court held that lack of opportunity to consult counsel prior to preliminary hearing on a larceny charge, at which hearing defendant offered explanation for his presence at the scene of the offense charged, although he was advised of his right to sit silent, was not prejudicial where it appeared that defendant was clearly identified as a participant in the events and the testimony introduced before the commissioner was not offered or used

against the accused at the trial, and he was represented by counsel at trial on his plea of not guilty.

A like conclusion was reached in Gilliam v. United States (C.C.A.,D.C., May 3, 1963, 116 U.S.App.D.C. 313, 323 F.2d 615, cert. den. Oct. 14, 1963, 375 U.S. 850, 84 S.Ct. 107, 11 L.Ed.2d 77), wherein the appellant claimed that a judge of the municipal court peremptorily denied him an adequate preliminary hearing since he was not given an opportunity to cross-examine witnesses and introduce evidence at such hearing. The court stated:

" * * * appellant should have been accorded an adequate opportunity not only to hear the evidence against him, but to cross-examine witnesses and to introduce evidence. However, cross-examination was permitted, though perhaps not as fully as desired, and the accused offered no evidence that was excluded. Moreover, a valid indictment was returned against the appellant, and in all the circumstances of this case such shortcomings as may have attended the conduct of the preliminary hearing do not infect the case with error which invalidates the judgment of conviction."

We consider the case of Latham v. Crouse (C.C.A.10, July 10, 1963), 320 F.2d 120, to be in point. Therein the petitioners, charged with murder, contended that they were entitled to have counsel appointed for them prior to preliminary hearing. In answer to such contention the circuit court stated:

* * * "Heavy reliance is placed on the decision of the United States Supreme Court in Gideon v. Wainright, Corrections Director, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. That case concerned the right of an accused to counsel at trial—not at a preliminary hearing. In State of Utah v. Sullivan, 10 Cir., 227 F.2d 511, 513, certiorari denied, sub nom. Braasch v. Utah, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844, we held that in circumstances where an accused did not enter a plea of guilty at a preliminary hearing, did not make a confession, did not testify and did not say anything of an incriminating nature, the failure to furnish counsel at such hearing did not abridge the accused's fundamental constitutional rights. That decision is controlling here. No claim is made of any incriminating statements or acts of the petitioners at the preliminary examination. All they did was to waive the right to a preliminary hearing. Prejudice is asserted on the ground that counsel would have forced the prosecution to disclose at least some of its evidence. The point is not well taken as more than a month in ad-

vance of trial copies of the confessions and lists of the prosecution witnesses were given defense counsel."

In State v. Osgood (Minn., Aug. 23, 1963), 266 Minn. 315, 123 N.W.2d 593, where the statutes prescribing the purpose and procedure at preliminary hearings are very similar to those in our state, the defendant argued that his rights under the Fourteenth Amendment had been denied because he was required to appear at a preliminary hearing without counsel. The Supreme Court of Minnesota stated:

\* \* \* "A preliminary hearing is in no sense a trial, and where, as here, there was no examination of the accused and no statements or pleas were made by him at such hearing, there is nothing in the procedure outlined which would constitute a denial of his rights to due process. It should be remembered that these hearings are required not only for the protection of the accused, but also as a process under which the state, in the interests of law enforcement, may determine whether there is probable cause for believing that the accused has committed a crime."

While it is recognized that an accused has a right to counsel at every stage of proceedings, we do not understand this to mean that he must be so represented in the preliminary processes which take place primarily for the purpose of ascertaining whether a crime has been committed and whether there are reasonable grounds to believe that the accused has committed it, and particularly where no prejudice has befallen him. During the preliminary hearing in the instant case the accused did not enter any plea nor was he requested to do so, and no claim is made of any incriminating statements or acts on the part of appellant. The record before us does not show, nor does appellant now claim, that he said or did anything, in the course of the preliminary hearing, which was mentioned or even referred to during his trial. No record of the preliminary hearing was introduced during trial and no witnesses testified at such hearing who did not also testify at the trial. Under the circumstances of the hearing here reviewed we do not consider it to have been a "critical stage" in the proceedings involved. Appellant was not thereby prejudiced nor was it in conflict with appellant's constitutional rights.

Appellant also claims that the district court erred in failing to appoint counsel for him prior to the hearing upon his petition for writ of habeas corpus. The following mentioned cases are cited in support of this claim: Dillon v. United States, 9 Cir., 307 F.2d 445; United States ex rel. Easterling v. Wilkins, 2 Cir., 303 F.

2d 883; United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707.

We do not consider the Dillon case to be in point since it does not deal with an issue regarding the right to counsel in habeas corpus proceeding. In each of the other cases cited it was held that the right to counsel in such proceedings was not absolute, but was dependent upon the existence of special circumstances which warranted the need for aid of counsel. In United States ex rel. Wissenfeld v. Wilkins, supra, the court said:

"Although the federal courts have increasingly recognized the importance of representation by counsel in all criminal proceedings, see Ellis v. United States, 1958, 356 U.S. 674, 78 S. Ct. 974, 2 L.Ed.2d 1060; cf. United States v. Paglia, 2 Cir., 190 F.2d 445, supra, it is settled that there is no constitutional right to representation by counsel in habeas corpus proceedings in the federal courts." * * *

In Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475, this court had under consideration a like contention and stated as follows:

"Appellant asserts that counsel should have been appointed to represent him in the habeas corpus proceeding before the district court. A hearing on an application for a writ of habeas cor-pus is not a prosecution of an accused within the meaning of the constitutional provision giving the one charged with a crime the right to have counsel appointed to represent him.

"There is no provision, constitutional or otherwise, that in a habeas corpus proceeding the trial court should appoint counsel to represent the petitioner. Loftis v. Amrine, 152 Kan. 464, 105 P.2d 890."

This rule is adhered to in other jurisdictions: Petition of Pelke, 139 Mont. 354, 365 P.2d 932; Petition of Wilson, D.C., 68 F.Supp. 168; Commonwealth ex rel. Johnson v. Burke, 173 Pa.Super. 105, 93 A.2d 876; Whitaker v. Johnston, 85 F.2d 199; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, cert. denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; under the annotation in 162 A.L.R. 922, it is stated:

"It has been uniformly held however, that the right to the aid of counsel does not exist in habeas corpus proceedings, and that in these proceedings the court may decline to appoint counsel to represent the petitioner on the hearing and disposition of his petition for a writ of habeas corpus— the ground of the decision being that the right to the aid of counsel is confined to criminal proceedings and habeas corpus proceedings are not criminal in their nature, but are civil proceed-

ings to insure the civil liberties of the citizens."

In the instant case appellant made no request for appointment of an attorney to assist in any respect with the hearing upon its merits before the district court. Our examination of this record does not disclose, nor has our attention been called to, the existence of any special circumstances which necessitated the services of counsel at such hearing. We are convinced that appellant received a fair and meaningful hearing before the district court and that this claim of error is without merit.

Appellant further contends that he has been placed twice in jeopardy by reason of the circumstances of his sentencing and resentencing for the same single conviction. Appellant bases his contention upon the facts that following his conviction of the crime of robbery he was sentenced to life imprisonment, which sentence was subsequently set aside by this court with direction to resentence appellant after affording him the opportunity to a clemency hearing which had been denied him before the original sentence was pronounced (case No. 9173), and appellant was subsequently sentenced to 17 years imprisonment.

These facts came about as a result of appellant's appeal from the judgment of his conviction in case No. 9173 wherein appellant complained that he was denied the right to present proof in mitigation of the sentence of life imprisonment. As a result of that appeal this court held:

"The judgment of conviction of appellants of the crime of robbery is affirmed. The cause, however, is remanded to the trial court with directions to set aside the sentences heretofore pronounced and to afford appellants an opportunity to make a showing in support of their application for clemency; to grant or deny the application in whole or in part and to again pronounce sentence."

It is clear that appellant has not been placed in "double jeopardy" within the traditional meaning of that doctrine. A correct statement of the doctrine is that one may not be tried or prosecuted a second time for the same offense. 22 C.J.S. Criminal Law § 238, page 615; United States v. Bridges, D.C., 86 F.Supp. 922. No plea of double jeopardy can properly be made where the defendant is tried but once. People v. Tideman (1962), 57 Cal. 2d 574, 21 Cal.Rptr. 207, 370 P.2d 1007. The appellant, having been tried but once for the crime of robbery, for which he was sentenced, has not been placed in double jeopardy.

Nor has appellant been "doubly punished" for the single offense of robbery. The original sentence which was

erroneously imposed was set aside for the purpose of affording him an opportunity to make a showing in support of his request for clemency. The general rule applicable to such contention is stated in 24B C.J.S. Criminal Law §1990c, p. 610, as follows:

"Where the original sentence imposed is void, the action of the court in expunging the first and imposing another does not subject accused to double punishment, even though he has served part of the void sentence. Likewise, where an erroneous sentence is reversed and remanded for a proper punishment and accused is resentenced after having served part of the erroneous sentence, he is not punished twice for the same offense, although he is compelled to suffer solitary confinement twice and the resentence results in confinement for a longer period than the term for which he originally was sentenced."

It has frequently been held that where the reviewing court determines that the trial court has imposed an improper sentence and the case is therefore remanded for proper sentence, pronouncement of the second sentence does not put the defendant twice in jeopardy for the same offense nor result in a double punishment. Pounders v. State, 37 Ala.App. 687, 74 So.2d 640; Richardson v. Hand, 182 Kan. 326, 320 P.

2d 837; Johnson v. Hand, 189 Kan. 103, 367 P.2d 70; State v. Tyree, 70 Kan. 203, 78 P. 525; People v. Tibbits, 60 Cal.App. 2d 335, 140 P.2d 726; In re Wilson, 196 Cal. 515, 238 P. 359; Ex parte Pardee, 327 Mich. 13, 41 N.W.2d 466; United States ex rel. Grabina v. Krimsky, D.C., 207 F.Supp. 208; Murphy v. Com. of Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711.

In State v. Parks, 67 Ohio App. 96, 36 N.E.2d 42, the Ohio court stated:

"The rule on the question of double punishment may be properly stated in the following terms: If a trial court has imposed an illegal and void sentence, it has the power to substitute for it at a later time a legal sentence, notwithstanding the void sentence has been partly executed. And such conduct by the court does not in law subject the felon to double punishment for the same offense."

Also, in People v. Williams, 404 Ill. 624, 89 N.E.2d 822, the supreme court of Illinois stated:

"Where a conviction is valid but the sentence is invalid, the order remanding the cause for proper sentence in no wise affects the validity of the judgment against the accused and the order on remandment is to enter a sentence proper under the law. This rule is not changed even though the defend-

ant has served a part of such erroneous sentence."

In People v. Stratton (Cal.Dist.Ct.App.; hearing denied by S.Ct.), 136 Cal.App. 201, 28 P.2d 695, the court stated:

"The act of the appellant in his proceeding to have the sentence originally pronounced upon him for and on account of the robbery charge and a correct judgment thereafter pronounced against him does not have the effect of giving life and vitality to any part of the period elapsing between the date of the first sentence on the robbery charge and the date of his beginning to serve sentence upon the sentence pronounced upon him in 1933, upon the same charge after the degree of the offense had been determined by the trial court. By his own act the original robbery sentence was set aside, and subsequent proceedings had thereon cannot be pleaded as coming under the restrictions of the law relative to prior and subsequent jeopardy for the same offense."

We conclude that the irregularity in the ·original sentence was not of such a character as to entitle appellant to be discharged from custody. He has been lawfully convicted and he cannot, for the reason that the first sentence was irregular, be allowed to escape the penalty which the law de-·clares shall follow his conviction.

Appellant contends that the trial court in this proceeding erred in finding that any issue of bias on the part of the presiding judge during the trial of case No. 9173 was specifically or by necessary implication decided adversely to appellant upon his appeal in that case.

Appellant now argues that the trial judge made some statement to appellant's counsel prior to trial, which indicated bias on his part. No mention of such statement and no claim of bias was made by or on behalf of appellant prior to or during the trial, nor was any such statement claimed or assigned as error upon the appeal. See Ex parte Medley, 73 Idaho 474, 253 P.2d 794. Appellant also argues that the trial court's statement to his counsel immediately upon return of the jury verdict that "the court will not consider an application for clemency" supports his contention that the trial judge was biased. This last quoted statement was mentioned and considered upon appeal in case No. 9173, and by reason of the trial court's refusal to hear appellant's application for clemency the original sentence was set aside and the case remanded. Whereupon a district judge, other than the judge who tried the case, pronounced the final sentence.

Appellant does not claim any specific act of actual prejudice and the record is clear that no attempt was made to disqualify the trial judge prior to or during

the trial. If appellant claimed error by reason of prejudice, such issue should have been raised at the trial or upon the appeal therefrom. We are satisfied that appellant's said contention is without merit.

Appellant contends that he is entitled, under the commitment dated and entered July 9, 1963, to allowance for the time served under the original commitment dated and entered November 10, 1961. The applicable general rule is summarized in the annotation in 35 A.L.R.2d 1283, page 1285, as follows:

"In cases dealing with resentencing necessitated by the invalidity of the original sentence, but not involving a new trial between the first and second sentence, the courts are not in agreement on the question whether time served under the first sentence is to be credited against time served under the second. In some jurisdictions, allowance of such credit is provided for by statute. In jurisdictions lacking such a statute, what appears to be the modern (and, it is submitted, the better) view is that such an allowance is proper."

This statement is supported by eminent authorities: Lewis v. Commonwealth (1952), 329 Mass. 445, 108 N.E.2d 922, 35 A.L.R.2d 1277; State v. Nelson (1948), 160 Fla. 744, 36 So.2d 427; Tilghman v. Culver (Fla.1957), 99 So.2d 282; People

v. Havel (1955), 134 Cal.App.2d 213, 285 P.2d 317; In re Wilson (1927), 202 Cal. 341, 260 P. 542; In re Silva (1918), 38 Cal.App. 98, 175 P. 481; Kline v. State (1956), 41 N.J.Super. 391, 125 A.2d 311; Carter v. Commonwealth (1957), 199 Va. 466, 100 S.E.2d 681; People ex rel. Wissenfield v. Johnston (1960), 11 App.Div.2d 580, 200 N.Y.S.2d 481; State v. Searcy (1959), 251 N.C. 320, 111 S.E.2d 190; In re Frye v. Delmore (1955), 47 Wash.2d 605, 288 P.2d 850; State v. Melhorn (1938), 195 Wash. 690, 82 P.2d 158.

The record is silent upon the question whether the court, in imposing the second sentence (dated July 9, 1963) had considered appellant's imprisonment under the first sentence (Nov. 10, 1961). However, under the circumstances here involved, we conclude that appellant should be given credit for time served since the original sentence in execution of his second sentence. Accordingly it is ORDERED that the term of 17 years as provided by the commitment dated July 9, 1963, commenced upon appellant's arrival at the Idaho State Penitentiary under the original commitment dated November 10, 1961. In all other respects the judgment of the trial court is affirmed.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.