PAUL CROMMETT v. STATE OF NEBRASKA.

FILED APRIL 12, 1927.   No. 25457.

1. **Criminal Law: PLEA IN BAR.** In a criminal case, upon a plea in bar by reason of former conviction, a proper test to determine the identity of the two offenses is whether the evidence necessary to convict in the second case was admissible under the former charge, related to the same crime, and was sufficient to warrant a conviction upon the former charge.

2. **Plea in bar sustained.**

ERROR to the district court for Cherry county: BAYARD H. PAYNE, JUDGE. *Reversed and dismissed.*

*E. D. Clarke*, for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres,* contra.

Heard before DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., BLACKLEDGE and SHEPHERD, District Judges.

PER CURIAM.

Plaintiff in error, Paul Crommett, as defendant, was informed against in the district court for Cherry county upon the charge that, in said county, on December 23, 1925, he did unlawfully have in his possession and carry for the purpose of sale more than one pint, to wit, 15 gallons, of intoxicating liquor. The prosecution was conducted as charging a violation of the provisions of chapter 106, Laws 1925, commonly termed the "Pint law." Before the impaneling of the trial jury, the defendant presented to the trial court a plea in bar, based upon a former conviction of the defendant in the county court of said county, wherein it was charged that the defendant, in said county, on December 23, 1925, was engaged in the unlawful transportation of intoxicating liquor, and upon which a conviction was had and sentence imposed.

A hearing was had on the plea in bar. The journal entry of proceedings recites that an answer was filed therein, but none is included in the record. However, it appears that upon the hearing of the plea a stipulation was made on the part of the state and the defendant, to the effect that the defendant then stood convicted in the county court of the crime of transportation of intoxicating liquor, that sentence therefor had been imposed, and that the information in the present case charges the defendant with having in possession and carrying for the purpose of sale the same identical liquor and the same transportation of liquor as was charged in the case in the county court.

The plea in bar was overruled by the trial court, and the correctness of this ruling presents the fundamental question for determination in this case.

The jury were impaneled and trial had. The defendant raised the same question of former conviction by objections and motions in the course of the trial and relied thereon, offering no testimony in his own behalf.

Crommett v. State.

The contention of the defendant here is: That the former conviction is a bar to this prosecution; that there is no difference in any of the elements constituting the two offenses charged; that the offense charged herein is not another degree of the offense charged in the first prosecution, but is, in fact, the identical offense, and that the essential elements of the charge are the same in both cases. In other words, that the only question before this court is whether a conviction upon a certain state of facts is a bar to a second conviction upon the same state of facts.

The state contends that the two prosecutions were under different sections of the statute, the first being under section 3238, Comp. St. 1922, which, with the penalty provided by section 3288, defined the first offense, and the prosecution in the instant case is had under the provisions of chapter 106, Laws 1925, which amends section 3239, Comp. St. 1922.

The distinctions sought to be made on behalf of the state are: First, that in the case at bar it is necessary to allege and prove that the transportation was for the purpose of sale, which introduces a distinct element in regard to the purpose of transportation not required in or a part of the case in which conviction was had. Second, that the plea was bad because the county court in imposing sentence attempted to impose both fine and imprisonment, whereas the law under which the court proceeded authorizes punishment by either fine or imprisonment only, and that consequently the judgment or sentence of the court was void.

Upon the first of these propositions it appears that while there are many distinctions made as to included and related offenses, and it requires some care in the application of the rule and the facts under consideration, it is, we think, well established, as is held in *Warren v. State,* 79 Neb. 526, that the test to determine the identity of the two offenses is whether the evidence necessary to convict in the second case was admissible under the former charge, related to the same crime, and was sufficient to have warranted a conviction upon the former charge. If such a condition is shown to exist, the former acquittal or conviction is a bar to the sec-

Crommett v. State.

ond prosecution. The only distinction here suggested on behalf of the state is as to the element of purpose of sale. As to this, the statute under which the first conviction was had does not mention such element. In the act of 1925 the element is mentioned, and there is the further provision in its concluding clause that the carrying or transporting of more than one pint of liquor shall be *prima facie* evidence that the same is being carried or transported for the purpose of sale.

An examination of the record in this case discloses that, as a fact, no evidence was introduced or offered aside from the mere possession and carrying of the liquor, which in the remotest degree tended to establish any sale or offer of sale by the defendant of this or any other liquor, or of any specific purpose whatever in connection with the possession or transportation of the same. If, as is stated in the state's brief, it is necessary to allege and to prove that the transportation was for the purpose of sale, the proof utterly fails upon that proposition. It is then left to determine whether the clause above referred to in the act of 1925, providing that the transportation shall be *prima facie* evidence that the purpose thereof is for sale, is sufficient to take the case out of the rule which would otherwise make the former conviction a bar to this prosecution. In the face of the stated condition of the record upon that point, it seems to us that it would be a strained and unwarranted construction of the statute to hold that such a provision therein, purporting only to be a rule of evidence and to extablish *prima facie* the inference proper to be drawn from other facts established, is sufficient of itself to authorize the subjection of a defendant to a second punishment for the same identical act and transaction on account of which he has before been convicted and sentenced. We do not find this situation to be within the rule of *State v. White*, 123 Ia. 425, wherein it was held that a conviction for keeping a gambling place was not a bar to prosecution for playing at a game for money; nor of *State v. Rose*, 89 Ohio St. 383, L. R. A. 1915A, 256, that an acquittal or conviction upon a charge of rape

Crommett v. State.

was not a bar to the prosecution for the offense of contributing to the moral delinquency of a female; nor of the other cases cited that are of the same import. We think the distinction is obvious in this case. If proof of sale or offer or attempt to sell is necessary, it is entirely lacking in the record. If the statute supplies the proof for that element by reason of proof of the other two elements, then the case is within the rule stated by this court in *Warren v. State, supra,* for of necessity the defendant could not have been convicted in the former case without proof of the possession and transportation which are the sole elements of proof in this case. In either event, so far as this ground is concerned, the prosecution must fail.

A similar case was before the supreme court of Michigan, *People v. Cook,* 236 Mich. 333, wherein the defendant was charged with having liquor in his possession and was sentenced to imprisonment thereon, and was afterwards, under the same statute and the same state of facts, charged with unlawfully transporting the same liquor. Upon trial he raised the question that the former conviction was a bar. In reference to this the court say:

"If the respondent had first been charged with transporting and had been convicted, it could not possibly be contended that he could be doubly punished for transporting, by afterwards charging him with possession, which was a necessary incident to transporting. A like result may not then be accomplished by charging possession first and transporting next, as was attempted in the instant case."

The court holds that the rule is general that, where one offense is a necessary element in and constitutes a part of another, and both are in fact one transaction, an acquittal or conviction of one should bar the prosecution of the other.

Upon the proposition that the judgment of the county court in the first case is void, we cannot say with certainty whether that judgment has been enforced in whole or in part, although there is a statement in the defendant's brief that the sentence was duly enforced. Whether this is correct or not, we think the case comes within the rule of

*McCormick v. State,* 71 Neb. 505, and *Knothe v. State, ante,* p. 119. The conviction still stands. If the court undertook to render a judgment or impose a sentence which it had no authority to do, which sentence has not been executed, and it was merely erroneous, it could be corrected by appellate proceedings. If it was entirely void, "we are not prepared to hold that by its abortive attempt to render a judgment against the plaintiff its power to pronounce a legal judgment was lost. It seems clear that the power of the court could only be lost or exhausted by pronouncing a valid judgment."

For the reasons stated, the plea in bar should have been sustained, and the judgment of the trial court should be, and is, reversed and the prosecution ordered dismissed.

REVERSED AND DISMISSED.