STATE OF NEBRASKA, APPELLEE, v. DAVID KING, APPELLANT.

138 N. W. 2d 805

Filed December 17, 1965. No. 36138.

David King pro se.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

ORDER

This cause having been submitted to the court, and it appearing to the court that the defendant's motion for appointment of counsel for the purpose of this appeal was not granted by the district court; that the defendant appeared as his own counsel; that both the defendant and counsel for the State have raised the issue of representation by counsel in oral arguments; and that the case of Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, is applicable.

NOW, THEREFORE, on the court's own motion, it is ordered:

1. The submission herein is hereby vacated.

2. The district court is directed forthwith to appoint counsel for the appellant herein under the provisions of L. B. 839, 1965 Legislative Session, Laws 1965, chapter 151, page 493.

3. Time for filing appellant's brief is extended to January 31, 1966.

WHITE, C. J., CARTER and BROWER, JJ., dissenting.

On the 17th day of December 1965, this court entered an order on its own motion vacating the submission of the case, directing the district court to appoint counsel, and extending defendant's brief day to January 31, 1966. We dissent to the issuance of this order.

The defendant was convicted in the district court for Douglas County, Nebraska, for the crime of armed robbery and sentenced to serve a sentence of 4 years from and after the 13th day of April 1965. The defendant has appealed.

The defendant was represented by legal counsel at his trial in the district court. When his notice of appeal was filed defendant moved the court for an order appointing legal counsel to handle his case on appeal. The motion was accompanied by a poverty affidavit. The

trial court did not appoint legal counsel to represent defendant on appeal, no ruling being shown on the motion.

Defendant then moved the district court to furnish without expense the transcript, bill of exceptions, and other court documents. The motion was sustained and the clerk of the district court and the court reporter were directed to furnish the transcript and bill of exceptions, respectively, which was done.

On July 2, 1965, defendant filed a motion for leave to file hand-printed briefs in this court. The motion was sustained and defendant filed such briefs. On October 20, 1965, defendant moved this court for an order directing the custodial authorities to permit his appearance before the court for the purpose of arguing his case pro se. The motion was sustained and the order made.

The case was set for trial on November 2, 1965. Defendant appeared and presented his case in a rather able manner. The case was finally submitted. It will be noted that the court sustained all motions made by the defendant. He filed no motion for the appointment of counsel in this court, nor did he file an affidavit of poverty. He mentioned in his oral argument that he needed the services of an attorney, the first time that question was ever called to the attention of this court.

We point out that this court was without authority to appoint counsel and there was no statute authorizing the payment of attorneys' fees in such cases. It is contended by the majority that the appointment of an attorney for the accused is authorized by Laws 1965, chapter 151, page 493. This statute was enacted in 1965 without an emergency clause. It did not become effective until November 18, 1965. We assert that the act was prospective and without retroactive effect. At the time the majority gives effect to the act, the crime not only had been committed, but the case had been tried, the defendant sentenced, the appeal heard, and the case submitted to this court. It requires no citation of authority to show

the nonapplicability of the statute to the case before us.

The majority asserts that irrespective of these facts, the appointment of counsel is required by Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811. We submit that the foregoing case does not support the contention for which it is cited. In that case it was said: "The record shows that petitioners requested, and were *denied*, the assistance of counsel on appeal, even though it plainly appeared they were indigents. * * * Here the issue is whether or not an indigent shall be *denied* the assistance of counsel on appeal." (Emphasis supplied.) Here the defendant has been denied nothing. The majority assumes that it is the court's duty to step into the case on its own motion and grant relief that was neither requested by defendant nor denied by the court. We submit that there is no case which imposes such a duty on this court.

The only assignment of error in this case is that the trial court was in error in not crediting the time served under a previous void sentence on the sentence imposed. The question has been determined contrary to the contentions of the defendant. McCleary v. Hudspeth, 124 F. 2d 445; Robinson v. United States, 144 F. 2d 392, affirmed on appeal, 324 U. S. 282, 65 S. Ct. 666, 89 L. Ed. 944; Palumbo v. State of New Jersey, 334 F. 2d 524. The foregoing constitutes the only assignment of error. It is wholly without merit as a matter of law. The action of the court is, therefore, a vain and useless act which can in no way benefit the defendant.

We submit that the order of the majority is contrary to applicable law, is not required by any compelling authority, constitutes an unnecessary imposition on the time of the court, and can only have the effect of building up the hopes of the defendant when none in fact exists. In addition thereto, if there be merit in defendant's contention, adequate remedies are afforded. The right of habeas corpus is open to him as well as the recently passed post conviction law, Laws 1965, chapter

145, page 486. With these remedies available to the defendant, there is no compelling reason to depart from established procedures which have been consistently applied over the years. It is not the province of courts to depart from established law, whether substantive or procedural, for when it does so, it acts through caprice and creates injustice as to those who have been denied similar considerations.

We submit that the court should proceed to dispose of the appeal on the issues properly before the court.