455 P.2d 971

**STATE of Arizona, Appellee,**
v.
**Roy Vargas ORTIZ, Appellant.**

No. 1873.

Supreme Court of Arizona.
In Division.

June 18, 1969.

Rehearing Denied July 8, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Sullivan, Alley & Seefeldt, by Ralph E. Seefeldt, Tucson, for appellant.

HAYS, Justice.

Defendant was convicted of first degree burglary with a prior and sentenced to not less than ten nor more than twelve years in the Arizona State Prison, sentence to date from April 18, 1963. While continuously confined in the State Prison he successfully appealed his case, State v. Ortiz, 97 Ariz. 228, 399 P.2d 171 (1965), and was returned to the Pima County Jail to await retrial. Upon retrial and conviction for the same offense, he was sentenced to the State Prison for not less than ten years nor more than eleven years, sentence to date from March 18, 1965. While serving this sentence defendant submitted a motion for order nunc pro tunc amending the commencement date of his second sentence. The trial court denied the motion for the reason that the court in imposing sentence took into account the time previously served by defendant. From this denial defendant appeals.

The primary question presented is whether a defendant may be sentenced to a longer term of imprisonment at his second trial than he received after his first conviction, reversed and remanded on constitutional grounds. Also is such defendant entitled to statutory time earned under A.R.S. § 31–251 and § 31–252 during the pendency of the appeal.

Defendant relies on the case of Patton v. North Carolina, 381 F.2d 636 (4th Cir.–1967), contending that predicating a person's constitutional right to appeal on the fiction that he has thereby consented to a possibly more harsh sentence is a violation of due process under the 14th Amendment to the United States Constitution; that to deny credit for time spent imprisoned denies equal protection of the law under the same amendment; and that the court's action violates the double jeopardy clause of the 5th Amendment to the Federal Constitution.

We have held that trying a person for the greater offense after he has successfully appealed a conviction of a lesser included offense is, in the absence of an express acquittal of that greater offense, constitutional. State v. McClendon, 103 Ariz. 105, 437 P.2d 421 (1968); State v. Thomas, 88 Ariz. 269, 356 P.2d 20 (1960); State v. White, 103 Ariz. 85, 436 P.2d 904 (1968). In State v. McClendon, supra, the contention was also made that the action taken by the court would "chill the right of appeal" by punishing the defendant for seeking review. We said that such a position is fallacious because the defendant first argued on appeal that error has resulted in an injustice demanding that the conviction be set aside. Now he argues that the part of the verdict which was actually favorable to him was just and fair, and free from error. The defendant in the instant case having claimed error in his first trial cannot now claim the first judge correct and the second wrong in effectively imposing a greater sentence.

A majority of courts facing the issue of an increased sentence upon retrial and a second conviction have held a more severe punishment than that imposed after the earlier conviction permissible, even though the conviction was for the same crime. 12 A.L.R.3d 978, 979. In asking for and receiving a new trial defendant must accept the hazards as well as the benefits. Justice Brennan of the United States Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963), recognized that a defendant may run the risk of a more harsh sentence upon retrial.

The court in Patton v. North Carolina, supra, held that an accused should not have to fear the possibility that the exercise of his right to appeal will result in a penalty for so doing. We, however, agree with the reasoning set forth in United States ex rel. Starner v. Russell, 378 F.2d 808 (3 Cir.–1967) where the court stated that such speculation violates the integrity of a judge who conscientiously passes sentence

after hearing all the evidence. Describing the subsequent sentence as a "penalty" attributes a base motive to the judge rather than a conscientious weighing and evaluation of the measure of defendant's crime.

Defendant contends that he has been denied equal protection of the law guaranteed by the 14th Amendment, basing his contention on the fact that Arizona prohibits the increase of a sentence in any case where the service of the sentence has commenced. State v. McKelvey, 30 Ariz. 265, 246 P. 550 (1926). Therefore, the argument continues, the threat of a heavier sentence falls solely upon those who rely on post-conviction remedies.

An illegal sentence is no sentence at all. Smith v. Warren, 52 Ariz. 237, 80 P.2d 394 (1938). When a conviction is reversed and a new trial granted the issues are relitigated. The slate has been wiped clean and it is a new case. The court in imposing a sentence after retrial is not increasing a sentence but is rather imposing the first legal sentence. We find no lack of equal protection in that situation.

Defendant next contends that the double jeopardy clause of the 5th Amendment to the United States Constitution was violated when credit from his previous sentence was denied him. The right against double jeopardy in Arizona derives from the Arizona Constitution, Art. 2 § 10, A.R.S. The Supreme Court of the United States has not decided whether the corresponding federal right is applicable to the states as a requisite of due process. Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175 (1966); Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). Absent a violation of fundamental fairness the states may interpret the scope of their double jeopardy provisions of state constitutions. State v. Thomas, supra. We hold that the act of the trial court of effectively pronouncing a more harsh sentence upon retrial and conviction does not constitute double jeopardy within the meaning of the Arizona Constitution.

In State v. King, 180 Neb. 631, 144 N. W.2d 438 (1966), we find language which states our position well:

"The general rule is that in the absence of statute to the contrary, if a judgment of conviction is reversed at a time when the defendant is serving the sentence imposed, and, following a new trial and a second conviction, a new sentence is imposed, the defendant is not entitled to credit as a matter of right against the second sentence for the time served under the original sentence."

*  *  *  ·*  *  *

"We adhere to the rule that where a conviction and sentence are held void and on a subsequent trial a new sentence is imposed, defendant is not entitled to credit as a matter of law on the second sentence for the time served under the original void conviction and sentence. The only question before the court in such a situation is whether or not the trial court abused its discretion in imposing the sentence that it did. The trial court may take into consideration the fact that the defendant has been confined under a void sentence just as it may take into consideration the length of time that a defendant has been confined while awaiting trial. It is evident that the trial court in the instant case did give consideration to the fact of defendant's confinement under the void sentence in that it first imposed a sentence of 8 years under the void conviction and a sentence of but 4 years under the subsequent valid conviction. The crediting of time in such a situation is a matter of sound judicial discretion on the part of the sentencing court with which this court will not interfere in the absence of a showing that such discretion was abused by the sentencing court. *  *  * where the conviction is void and a subsequent conviction obtained. In the latter case the trial court, within the limits provided by statute, may exercise its sound judicial discretion in imposing sentence, including the considera-

tion of all mitigating circumstances. But in such a case the defendant has no assurance, and is entitled to none as a matter of law, that he has everything to gain and nothing to lose." At p. 440.

The United States Court of Appeals for the 3rd Circuit has held that where the sentence imposed was within the limits fixed by law it would not inquire into the reasons. United States ex rel. Starner v. Russell, supra.

When the record indicates that the sentencing judge has not penalized the defendant for exercising his appeal rights the imposition of a greater sentence does not violate due process. United States v. White, 382 F.2d 445 (7th Cir.–1967).

Many states have statutes which have been interpreted as providing, or which expressly provide, for credit to be given defendant on retrial, conviction, and resentence. Tennessee Code Annotated, § 40–3102; West's California Annotated Penal Code, § 2900.1.

Many courts have relied on such statutes in granting credit. Marsh v. Henderson, 424 S.W.2d 193 (Tenn.–1968); Ex Parte James, 38 Cal.2d 302, 240 P.2d 596 (1952); State v. Thompson, 414 S.W.2d 261 (Mo.–1967). We do not have such a statute in Arizona.

■■■ This court will uphold a sentence in the absence of a clear abuse of discretion. State v. Horton, 101 Ariz. 229, 418 P.2d 385 (1966). In determining the proper sentence the court should give consideration to the nature and circumstances surrounding the offense and the character of the defendant. State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967). These rules apply equally with respect to retrials and resentencing. One of the circumstances to be considered upon resentencing is the length of time of imprisonment. Consistent with the trial judge's discretion in imposing sentence he may impose any sentence upon retrial which he believes justice demands as long as the total time of imprisonment for that crime charged does not exceed the statutory maximum sentence established for its commission.

The 7th Circuit Court of Appeals, in United States v. White, supra, said:

"We are fully aware of the recent decisions of other courts, dealing with these and related questions, which have expressed views contrary in many respects to those expressed herein. We think, however, that the pronouncement of a constitutional principle as sweeping and inflexible as that discussed in certain of these decisions and urged here * * * should await the considered judgment of the Supreme Court, * * *." 382 F.2d at p. 448.

■■■ The record clearly indicates that although the defendant now faces a longer period in the state prison than he faced upon his first conviction, the trial judge did within his discretion give consideration to previous imprisonment for the same charge and the imprisonment did have some impact on the sentence pronounced. Since the total punishment does not exceed the statutory maximum for the conviction of such a crime with a prior, the defendant's constitutional rights were not violated upon retrial and re-sentencing.

Affirmed.

STRUCKMEYER and McFARLAND, JJ., concur.