458 P.2d 955

**STATE of Arizona, Appellee,**

**v.**

**Tom JOHNSON, Appellant.**

**No. 1946.**

Supreme Court of Arizona.

In Banc.

Sept. 25, 1969.

Rehearing Denied Oct. 28, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., for appellee.

Tom Johnson, in pro. per.

Vernon B. Croaff, Former Public Defender, by Anne Kappes, Deputy Public Defender, for appellant.

McFARLAND, Justice.

Tom Johnson, hereinafter referred to as Defendant, appeals from an order of the Superior Court of Maricopa County denying his Motion for an Order Nunc Pro Tunc to amend his sentence. He contends that the trial court should have given him credit for the time he served under the previous sentence for the same offense.

Defendant was found guilty of two (2) counts of the illegal sale of marijuana and sentenced as follows:

"It is the judgment and sentence of the court that the defendant on count one is sentenced to serve a term of not less than 12 nor more than 15 years in the Arizona State Penitentiary at Florence, Arizona; and on count two, defendant sentences [sic] to serve a term of not less than 12 years nor more than 15 years in the Arizona State Penitentiary, said sentences are to run concurrently."

The conviction was reversed on appeal, and the case was remanded for a new trial. Defendant was reconvicted and given the following sentence:

"It is the judgment and sentence of the court that you are guilty of the crime of illegal sale of narcotic drug (two counts) felonies. As punishment for this crime the court sentences you to incarceration and imprisonment in the state penitentiary at Florence, Arizona, for a term of not less than 11 years nor more than 14 years on each count; time of sentence shall commence at the expiration of the sentence imposed in cause No. 42393. Should there be no sentence in said cause No. 42393, commencement of sentence in this matter shall begin at the time the defendant is delivered to the warden of the state penitentiary at Florence, Arizona."

On appeal defendant's reconviction was affirmed. Two years thereafter, defendant filed the Motion for Order Nunc Pro Tunc Amend Commencement Date of Sentence which was denied.

Subsequent to the time of the trial court's pronouncement of sentence upon reconviction, the United States Supreme Court held that *punishment already exacted for an offense must be fully credited in imposing sentence upon a new conviction for the same offense.* North Carolina v. Pearce (Simpson v. Rice), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. Specifically, the Court stated:

"We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' [13] in imposing sentence up-

13. Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc.

on a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—*by subtracting them from whatever new sentence is imposed.* [Emphasis added.]

It is noted that this Court handed down the decision in State of Arizona v. Ortiz, 104 Ariz. 493, 455 P.2d 971, about one week prior to the Simpson v. Rice, supra, case. In Ortiz we held that the failure to allow credit for time served under a previous sentence for the same offense does not constitute double jeopardy. However, in compliance with the recent decision of the United States Supreme Court, we subsequently vacated the sentence of Ortiz and remanded for re-sentencing. The order read, in part, as follows:

" * * * The sentence imposed shall provide that the Appellant receive credit,

as provided by law, for all time heretofore served in the Arizona State Prison in this Cause by Appellant. The sentencing judge shall, if the sentence imposed is in excess of the original sentence, set forth in detail the reasons and justification for increasing the Appellant's punishment."

No credit for the previous time served was allowed in the instant case; therefore, the sentence imposed upon reconviction is vacated, and the case is remanded to the trial court for re-sentencing in accordance with the order in Ortiz, supra.

Inasmuch as we are remanding this case for re-sentencing, it is not necessary to pass on the other contentions of the Defendant, for the reason that they also relate to the setting aside of the sentence.

The case is accordingly remanded to the Superior Court for re-sentencing in compliance with this opinion.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.