**20**

470 P.2d 101

**STATE of Arizona, Appellee,**

v.

**Ronald Clifton Joseph GOODYEAR,
Appellant.**

**No. 2087.**

Supreme Court of Arizona,
In Division.

June 4, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Robert Martin, Nogales, for appellant.

HAYS, Justice.

Ronald Goodyear, defendant, has appealed from an order of the Santa Cruz County Superior Court which denied his motion for nunc pro tunc order amending the commencement date of his prison sentence. Goodyear contends that the trial court, in pronouncing sentence, failed to give him credit for the prison time which he served under a previous conviction and sentence for the same offense. See Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Johnson, 105 Ariz. 21, 458 P.2d 955 (1969).

On October 20, 1961, defendant and a companion were charged with the crimes of first degree murder and robbery. At a joint trial, both defendants were found guilty as charged and both were sentenced to death. Defendant Goodyear appealed to this court, which eventually reversed the conviction and remanded the matter for a new trial. State v. Goodyear, 100 Ariz. 244, 413 P.2d 566 (1966).

On November 1, 1966, defendant withdrew his original plea of not guilty to the existing charges and entered a plea of guilty to *second* degree murder. Six days later the trial court enterd judgment of guilty and sentenced Goodyear to a prison term of not less than twenty nor more than thirty years. The sentence was set to commence on May 9, 1966, the date on which defendant was ordered returned to Santa Cruz County from the State Prison.

Defendant first filed, on November 27, 1967, a motion for nunc pro tunc order amending the commencement date of his sentence. He contended that the trial court did not give him credit for the approximately four years and one month which he spent on death row while under sentence for the first conviction. The trial court formally denied defendant's motion on February 2, 1968, stating that "the court in passing sentence took into account the time spent in prison by the defendants pending their appeal in the first case."

On August 5, 1969, defendant filed an identical motion to that of November 27, 1967. Apparently the impetus for this additional motion was the U. S. Supreme Court case of Simpson v. Rice, supra, which held that a convicted criminal is entitled to have punishment previously exacted fully credited in his sentence for a new conviction of the same offense. The trial court again denied defendant's motion on September

22, 1969. It is this order from which defendant appeals.

We affirm the order of the trial court. The trial court's earlier denial of defendant's motion on February 2, 1968, clearly indicates that the judge, in pronouncing defendant's second sentence, took into consideration the time served on the earlier nullified conviction. We hold that such language is sufficient to indicate that defendant was properly credited with time previously served.

Order of the trial court denying motion of defendant to amend sentence is affirmed.

LOCKWOOD, C. J., and UDALL, J., concur.