480 P.2d 14

The STATE of Arizona, Appellee,

v.

Ozie WASHINGTON, Appellant.

No. 1 CA–CR 299.

Court of Appeals of Arizona,
Division 1.

Feb. 1, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Atmore L. Baggot, Phoenix, for appellant.

KRUCKER, Chief Judge.

This appeal is from a sentence for burglary of a motor vehicle, first degree, in violation of A.R.S. §§ 13–301 and 13–302, as amended, after entry of a plea of guilty on March 19, 1970, and sentencing on March 26, 1970, to a term of not less than ten nor more than fifteen years.

Two contentions are raised on appeal:

(1) That the sentence imposed was clearly excessive and therefore an abuse of discretion.

That the plea entered was on the mistaken belief that the sentence would be one of three to five years, and therefore involuntarily made.

It is well settled that an appellate court will not upset a sentence if it is within statutory limits, and there is no abuse of discretion; the sentencing judge should consider the nature of the offense, as well as the past conduct of the defendant and his character. State v. Roche, 104 Ariz. 276, 451 P.2d 605 (1969); State v. Oritz, 104 Ariz. 493, 455 P.2d 971 (1969).[1] We do not have the pre-sentence report or the F.B.I. report, but the record indicates that these were before the trial judge, and the transcript discloses that there was discussion of a prior felony conviction in which defendant was placed on probation, as well as some indication of narcotic addiction.

The record further indicates that a motion to amend the information to allege a prior felony conviction was granted on November 17, 1969, although the actual amendment does not seem to be in the record and no action taken in connection therewith. However, the transcript at the time of the change of plea states that there were other felony charges pending against the defendant.[2]

Under the above circumstances, we find no abuse of discretion, and the sentence, being within the limits prescribed by the legislature, will not and should not be reduced. We thus find no error.

The defendant next claims that his plea of guilty was involuntary in that it was induced by a mistaken belief that the sentence would be three to five years. At the time the sentence was imposed, two other pending criminal cases against the

1. State v. Ortiz, supra, was vacated and remanded for sentencing only, as pointed out in State v. Johnson, 105 Ariz. 21, 458 P.2d 955 (1969), on a ground immaterial to the question here.

2. These were dismissed at the time sentence was imposed.

defendant were dismissed. Although we have repeatedly held that a defendant wishing to relinquish his plea bargain and open the dismissed charges must first apply to the trial court to set aside the plea, as a prerequisite to appellate review, State v. Fuentes, 12 Ariz.App. 48, 467 P.2d 760 (1970); State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969), we consider it appropriate to dispose of the case forthwith when the record before us affirmatively shows that the contentions of the defendant are without merit.

■ We have examined the transcript of the hearing on the change of plea dated March 19, 1970, and the sentencing on March 26, 1970. The trial judge was most careful in advising and questioning the defendant; he was fully advised of his rights and the consequences of his plea, including the fact that he could receive a sentence of fifteen years. The record indicates that the defendant understood this, that he had consulted with his attorney (who was present), and there is nothing to indicate that he was not fully aware of the situation.

The record further indicates that immediately prior to the sentencing of the defendant the following colloquy took place between the court and counsel:

"THE COURT: Mr. Thinnes, as you have prepared for trial on these cause numbers and investigated the matters, do you feel that Mr. Washington's plea of guilty is consistent with the facts which you have found in your pretrial discovery in this cause number?

MR. THINNES: I certainly do, Your Honor. If not, I wouldn't be pleading him guilty to this charge."

Finding no error, the judgement is affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.