# SUPREME COURT OF THE UNITED STATES

### BOBBY JERRY TATUM *v.* ARIZONA

#### ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF APPEALS OF ARIZONA, DIVISION TWO

No. 15–8850.   Decided October 31, 2016

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the Court of Appeals of Arizona, Division Two for further consideration in light of *Montgomery* v. *Louisiana*, 577 U. S. ___ (2016).

JUSTICE SOTOMAYOR, concurring in the decision to grant, vacate, and remand.*

This Court explained in *Miller* v. *Alabama*, 567 U. S. ___ (2012), that a sentencer is "require[d] . . . to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.*, at ___ (slip op., at 17). Children are "constitutionally different from adults for purposes of sentencing" in light of their lack of maturity and underdeveloped sense of responsibility, their susceptibility to negative influences and outside pressure, and their less well-formed character traits. *Id.*, at ___ (slip op., at 8). Failing to consider these constitutionally significant differences, we explained, "poses too great a risk of disproportionate punishment." *Id.*, at ___ (slip op., at 17). In the context of life without parole, we stated that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." *Ibid.*

*Montgomery* v. *Louisiana*, 577 U. S. ___ (2016), held

––––––––––

*This opinion also applies to No. 15–8842, *Purcell* v. *Arizona*; No. 15–8878, *Najar* v. *Arizona*; No. 15–9044, *Arias* v. *Arizona*; and No. 15–9057, *DeShaw* v. *Arizona*.

that *Miller* "announced a substantive rule of constitutional law." 577 U. S., at ___ (slip op., at 20). That rule draws "a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption" and allows for the possibility "that life without parole could be a proportionate sentence [only] for the latter kind of juvenile offender." *Id.*, at ___ (slip op., at 18).

The petitioners in these cases were sentenced to life without the possibility of parole for crimes they committed before they turned 18. A grant, vacate, and remand of these cases in light of *Montgomery* permits the lower courts to consider whether these petitioners' sentences comply with the substantive rule governing the imposition of a sentence of life without parole on a juvenile offender.

JUSTICE ALITO questions this course, noting that the judges in these cases considered petitioners' youth during sentencing. As *Montgomery* made clear, however, "[e]ven if a court considers a child's age before sentencing him or her to a lifetime in prison, that sentence still violates the Eighth Amendment for a child whose crime reflects unfortunate yet transient immaturity." *Id.*, at ___–___ (slip op., at 16–17) (internal quotation marks omitted).

On the record before us, none of the sentencing judges addressed the question *Miller* and *Montgomery* require a sentencer to ask: whether the petitioner was among the very "rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." 577 U. S., at ___ (slip op., at 17).

Take *Najar* v. *Arizona*, No. 15–8878. There, the sentencing judge identified as mitigating factors that the defendant was "16 years of age" and "emotionally and physically immature." App. to Pet. for Cert. in No. 15–8878, p. A–51. He said no more on this front. He then discounted the petitioner's efforts to rehabilitate himself as "nothing significant," despite commending him for those

efforts and expressing hope that they would continue. *Id.*, at A–52. The sentencing judge did not evaluate whether Najar represented the "rare juvenile offender who exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified." *Montgomery*, 577 U. S., at ___ (slip op., at 16).

*Purcell* v. *Arizona*, No. 15–8842, is no different. The sentencing judge found that Purcell's age at the time of his offense—16 years old—qualified as a statutory mitigating factor. App. to Pet. for Cert. in No. 15–8842, p. A–80. He then minimized the relevance of Purcell's troubled childhood, concluding that "this case sums up the result of defendant's family environment: he became a double-murderer at age 16. Nothing more need be said." *Id.*, at A–83. So here too, the sentencing judge did not undertake the evaluation that *Montgomery* requires. He imposed a sentence of life without parole despite finding that Purcell was "likely to do well in the structured environment of a prison and that he possesses the capacity to be meaningfully rehabilitated." App. to Pet. for Cert. in No. 15–8842, at A–83.

The other petitions are similar. In *Tatum* v. *Arizona*, No. 15–8850, and *DeShaw* v. *Arizona*, No. 15–9057, the sentencing judge merely noted age as a mitigating circumstance without further discussion. In *Arias* v. *Arizona*, No. 15–9044, the record before us does not contain a sentencing transcript or order reflecting the factors the sentencing judge considered.

It is clear after *Montgomery* that the Eighth Amendment requires more than mere consideration of a juvenile offender's age before the imposition of a sentence of life without parole. It requires that a sentencer decide whether the juvenile offender before it is a child "whose crimes reflect transient immaturity" or is one of "those rare children whose crimes reflect irreparable corruption" for whom a life without parole sentence may be appropriate.

577 U. S., at ___ (slip op., at 18). There is thus a very meaningful task for the lower courts to carry out on remand.

# SUPREME COURT OF THE UNITED STATES

BOBBY JERRY TATUM *v.* ARIZONA

ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF
APPEALS OF ARIZONA, DIVISION TWO

No. 15–8850.   Decided October 31, 2016

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting from the decision to grant, vacate, and remand.*

The Court grants review and vacates and remands in this and four other cases in which defendants convicted of committing murders while under the age of 18 were sentenced to life without parole. The Court grants this relief so that the Arizona courts can reconsider their decisions in light of *Montgomery* v. *Louisiana,* 577 U. S. ___ (2016), which we decided last Term. I expect that the Arizona courts will be as puzzled by this directive as I am.

In *Montgomery*, the Court held that *Miller* v. *Alabama*, 567 U. S. ___ (2012), is retroactive. 577 U. S., at ___ (slip. op., at 20). That holding has no bearing whatsoever on the decisions that the Court now vacates. The Arizona cases at issue here were decided after *Miller*, and in each case the court expressly assumed that *Miller* was applicable to the sentence that had been imposed. Therefore, if the Court is taken at its word—that is, it simply wants the Arizona courts to take *Montgomery* into account—there is nothing for those courts to do.

It is possible that what the majority wants is for the lower courts to reconsider *the application of Miller* to the cases at issue,† but if that is the Court's aim, it is misusing

_____

*This opinion also applies to four other petitions: No. 15–8842, *Purcell* v. *Arizona*; No. 15–8878, *Najar* v. *Arizona*; No. 15–9044, *Arias* v. *Arizona*; and No. 15–9057, *DeShaw* v. *Arizona*.

†This is certainly JUSTICE SOTOMAYOR's explanation of the GVR. She

the GVR vehicle. We do not GVR so that a lower court can reconsider the application of a precedent that it has already considered.

In any event, the Arizona decisions at issue are fully consistent with *Miller*'s central holding, namely, that mandatory life without parole for juvenile offenders is unconstitutional. 567 U. S., at ___ (slip op., at 2). A sentence of life without parole was imposed in each of these cases, not because Arizona law dictated such a sentence, but because a court, after taking the defendant's youth into account, found that life without parole was appropriate in light of the nature of the offense and the offender.

It is true that the *Miller* Court also opined that "life without parole is excessive for all but 'the rare juvenile offender whose crime reflects irreparable corruption,'" *Montgomery*, *supra*, at ___ (slip op., at 17) (quoting *Miller*, *supra*, at ___ (slip op., at 17) (internal quotation marks omitted)), but the record in the cases at issue provides ample support for the conclusion that these "children" fall into that category.

For example, in *Purcell* v. *Arizona*, No. 15–8842, a 16-year-old gang member fired a sawed-off shotgun into a group of teenagers, killing two of them, under the belief that they had flashed a rival gang's sign at him. He was ultimately convicted of two counts of first-degree murder, nine counts of attempted first-degree murder, and one count each of aggravated assault and misconduct involving weapons. The trial court considered his youth, identified his age as a mitigating factor, and still sentenced him to life without parole. The remaining cases are in the same vein. See *Tatum* v. *Arizona*, No. 15–8850 (17-year-

_____

faults the lower courts for failing to heed the statement *in Miller* that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." 567 U. S., at ___ (slip op., at 17). If the others in the majority have a similar view, the Court should grant review and decide the cases on the merits.

old defendant convicted of first-degree murder, conspiracy to commit armed robbery, attempted armed robbery, and aggravated assault); *Najar* v. *Arizona*, No. 15–8878 (juvenile convicted of first-degree murder and theft); *Arias* v. *Arizona*, No. 15–9044 (16-year-old defendant pleaded guilty to two counts of first-degree murder, two counts of second-degree murder, two counts of kidnapping, four counts of armed robbery, and one count each of first-degree burglary, conspiracy to commit first-degree murder, and conspiracy to commit armed robbery); *DeShaw* v. *Arizona*, No. 15–9057 (17-year-old defendant convicted of first-degree murder, armed robbery, and kidnapping).

In short, the Arizona courts have already evaluated these sentences under *Miller*, and their conclusions are eminently reasonable. It is not clear why this Court is insisting on a do-over, or why it expects the results to be any different the second time around. I respectfully dissent.