[J-118-2016] [MO: Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 45 MAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court dated September 4, 2015, |
| | : | reconsideration denied November 10, |
| v. | : | 2015, at No. 1764 EDA 2014 Affirming |
| | : | the Judgment of Sentence of the |
| | : | Northampton County Court of Common |
| QU'EED BATTS, | : | Pleas, Criminal Division, dated May 2, |
| | : | 2014 at No. CP-48-CR-0001215-2006. |
| Appellant | : | |
| | : | ARGUED:  December 7, 2016 |

## CONCURRING OPINION

**JUSTICE WECHT**                                   **DECIDED:  June 26, 2017**

I join the learned Majority's opinion in full.

Recent Eighth Amendment jurisprudence imposes a challenging task upon trial courts called upon to sentence juveniles convicted of murder.  As well, it cannot be gainsaid that the Commonwealth's burden in overcoming the presumption announced by the Majority is high.  But, the Supreme Court of the United States has made its will clear in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), directing that life without parole sentences ("LWOP") for juveniles should be rare and uncommon, and imposed only in "exceptional circumstances."  *See* Maj. Op. at 70 (quoting *Montgomery*, 136 S.Ct. at 736).[1]

---

[1] *See also Tatum v. Arizona*, ___ U.S. ___, 137 S.Ct. 11, 13 (2016) (*per curiam*) (Sotomayor, J., concurring) (explaining that the "very meaningful task for the lower courts to carry out" involves deciding "whether the juvenile offender before it is a child whose crimes reflect transient immaturity or is one of those rare children whose crimes reflect irreparable corruption for whom a life without parole sentence may be appropriate") (internal citations and quotation marks omitted).

Our reversal of Batts' sentence in the instant case illustrates the complexities and difficulties associated with sentencing juveniles in this context. Here, the trial court expended a significant amount of time and effort contemplating the testimony and expert evaluations of Batts, and reached a considered judgment on what the court believed was the correct sentence for Batts. The court then authored a comprehensive opinion detailing its factual determinations and its bases for sentencing Batts to life in prison without parole. All of these diligent efforts notwithstanding, the trial court still fell short of the new constitutional standard. In a routine sentencing appeal, the trial court's decision would be nearly unassailable. In this singular context, however, the sentence must be ruled unconstitutional, despite the trial court's commendable efforts.

I agree with the Majority that, while the Constitution does not require the Commonwealth to present expert testimony in order to overcome the evidentiary presumption against LWOP, *see* Maj. Op. at 76-77, it is "difficult to conceive" of situations where the Commonwealth can rebut that presumption without such testimony. *Id.* at 77. Following today's decision, the Commonwealth likely will (and I believe should) retain and present an expert in the vast majority of LWOP resentencing hearings, if not in all of them. That being the case, equity demands that trial courts exercise their discretion to provide such juveniles with their own expert, in the event that the juvenile cannot afford one on his or her own. This not only would ensure evenhandedness in the proceeding, but also would provide the trial court with a complete perspective of the juvenile, which is necessary in order to correctly navigate the framework that is established today by this Court.

Justice Todd joins this concurring opinion.