IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

———————

**STATE OF ARIZONA,**
*Respondent,*

*v.*

**BOBBY CHARLES PURCELL,**
*Petitioner.*

———————

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**SCOTT LEE DESHAW,**
*Appellant.*

———————

Nos. CR-21-0398-PR
CR-21-0400-PR
(Consolidated)
Filed April 3, 2023

———————

Appeal from the Superior Court in Maricopa County
The Honorable Patricia A. Starr, Judge
Nos. CR1998-008705
CR1994-011396

Order of the Court of Appeals, Division One
Nos. 1 CA-CR-21-0541
1 CA-CR-21-0512
Filed December 7, 2021

**REMANDED**

———————

COUNSEL:

Rachel H. Mitchell, Maricopa County Attorney, Julie A. Done (argued), Deputy County Attorney, Eric Basta, Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Gary Kula, Maricopa County Public Defender, Kevin D. Heade (argued), Deputy Public Defender, Tara R. DeGeorge, Deputy Public Defender, Phoenix, Attorneys for Bobby Charles Purcell and Scott Lee Deshaw

Kristin K. Mayes, Arizona Attorney General, Joshua Bendor, Solicitor General, Alice Jones, Deputy Solicitor General, Chief Counsel of Criminal Appeals Section, Celeste Kinney, Assistant Attorney General, Phoenix, Attorneys for Amicus Curiae Arizona Attorney General

_____

JUSTICE BOLICK authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER and JUSTICES BEENE and KING joined.[*]

_____

JUSTICE BOLICK, Opinion of the Court:

¶1 We hold in these consolidated cases that the court of appeals erred by concluding it did not have appellate jurisdiction over the dismissal of resentencing proceedings. The United States Supreme Court ordered the resentencings, but the trial court dismissed them following a subsequent Supreme Court decision that changed the precedent on resentencing juvenile offenders. The court of appeals dismissed each subsequent appeal for lack of jurisdiction for failure to comply with the petition for review

_____

[*] Justice John R. Lopez IV and Justice William G. Montgomery have recused themselves from this case.

2

procedures set forth in Arizona Rule of Criminal Procedure 32.16(a)(1). We conclude that these were direct appeals over which the court of appeals had jurisdiction pursuant to A.R.S. § 13-4033(A).

**BACKGROUND**

**¶2**        Petitioners Purcell and DeShaw were convicted in unrelated proceedings of first degree murder and other crimes committed when they were under the age of eighteen. They were both sentenced to natural life for the murders. The convictions and sentences were upheld on appeal. *State v. Purcell*, No. 1 CA–CR 13–0614, 2015 WL 2453192, at *1 ¶ 1 (Ariz. App. May 21, 2015) (mem. decision); *State v. DeShaw*, No. 1 CA–CR 13–0635, 2015 WL 1833801, at *1 ¶ 1 (Ariz. App. Apr. 21, 2015) (mem. decision).

**¶3**        While Petitioners were serving their sentences, the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited mandatory sentences of life without parole for juvenile offenders convicted of homicide. The Court made that ruling retroactive in *Montgomery v. Louisiana*, 577 U.S. 190 (2016).

**¶4**        Petitioners filed post-conviction relief ("PCR") petitions to vacate their sentences under *Miller*. The trial court and court of appeals denied relief, and this Court denied review. Following its decision in *Montgomery*, the Supreme Court issued a decision remanding several Arizona cases, including Petitioners', for resentencing. *See Tatum v. Arizona*, 137 S. Ct. 11 (2016), *granting, vacating, and remanding* No. 2 CA–CR 2014–0460, 2015 WL 728080 (Ariz. App. 2015). Simultaneously, the Court issued each Petitioner a grant, vacate, and remand ("GVR") order requiring resentencing in light of *Montgomery*. *Purcell v. Arizona*, 137 S. Ct. 369 (2016), *granting, vacating, and remanding* No. CA–CR 13–0614, 2015 WL 2453192 (Ariz. App. 2015); *DeShaw v. Arizona*, 137 S. Ct. 370 (2016), *granting, vacating, and remanding* No. 1 CA–CR 13–0635, 2015 WL 1833801 (Ariz. App. 2015). The cases were returned to the court of appeals for further proceedings.

**¶5**        Subsequently, in *State v. Valencia*, 241 Ariz. 206 (2016), this Court held that *Miller* and *Montgomery* created "a new substantive rule of constitutional law" requiring trial courts to distinguish crimes that reflect "irreparable corruption" from those that reflect the "transient immaturity of youth" before imposing a natural life sentence for juvenile murderers.

3

*Id.* at 209 ¶ 15. *But see id.* at 210–12 ¶¶ 23–30 (Bolick, J., concurring) (criticizing *Miller* and *Montgomery*).

**¶6**        Thereafter, the State stipulated to Petitioners' resentencings, and the court of appeals granted review and relief, remanding the cases to the superior court. *State v. Purcell*, No. 1 CA-CR-13-0614 PRPC, at 1 (Ariz. App. Feb. 16, 2018) (dec. order); *State v. DeShaw*, No. 1 CA-CR 13-0635 PRPC, at 1 (Ariz. App. Feb. 16, 2018) (dec. order).

**¶7**        While the resentencing proceedings were pending in the trial court, the Supreme Court decided *Jones v. Mississippi*, 141 S. Ct. 1307 (2021), in which it clarified that "in making the rule retroactive, the *Montgomery* Court unsurprisingly declined to impose new requirements not already imposed by *Miller.*" *Id.* at 1317. The Court concluded that under *Miller*, sentencers need not make separate findings of permanent incorrigibility, but need only consider the offender's "youth and attendant characteristics," *id.* at 1311, "so long as the sentence is not mandatory," *id.* at 1314.

**¶8**        The State then moved to withdraw its stipulations, arguing that *Miller* did not apply to the case because Petitioners' life sentences were not mandatory and the original sentencings were constitutionally sufficient because the trial court had considered their youth. The trial court, in identically worded orders in the two cases, concluded that it could deviate from the GVR mandate because "the state of the law changed between the time the mandate issued and now," and therefore the resentencing is "not constitutionally required." The court vacated the resentencings and dismissed the PCR petitions.

**¶9**        Petitioners appealed pursuant to § 13-4033(A)(3). The court of appeals dismissed the appeal for lack of jurisdiction, reasoning that the "superior court's final decision in a post-conviction relief proceeding is not an appealable order," and may be challenged in the court of appeals only pursuant to a petition for review under Rule 32.16(a)(1). *State v. Purcell*, No. 1 CA-CR 21-0541, at 1 ¶ 1 (Ariz. App. Dec. 7, 2021) (dec. order).

**¶10**        Petitioners urge that because the resentencing proceedings were not PCR proceedings, and because the trial court's orders affected their substantial rights, the court of appeals had jurisdiction under § 13-4033(A)(3). Because their petitions present an important and recurring

issue of state law, we granted review. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

**DISCUSSION**

**¶11**       Unlike the United States Constitution, which does not guarantee the right to a criminal appeal, *see, e.g.*, *Davila v. Davis*, 137 S. Ct. 2058, 2066 (2017), the Arizona Constitution guarantees convicted defendants "the right to appeal in all criminal cases." Ariz. Const. art. 2, § 24.

**¶12**       Once appeals are exhausted following conviction and sentencing, our rules provide for post-conviction relief in certain circumstances. Ariz. R. Crim. P. 32.1, 32.2. Appellate review from PCR proceedings is discretionary and must be sought through a petition for review. Ariz. R. Crim. P. 32.16(i); *see, e.g.*, *State v. Gause*, 112 Ariz. 296, 297 (1975).

**¶13**       In addition to appeals from convictions, § 13-4033 provides for appeals from certain other rulings, including "[a]n order made after judgment affecting the substantial rights of the party," § 13-4033(A)(3), and "[a] sentence on the grounds that it is illegal or excessive," § 13-4033(A)(4). As we resolve the case on the first ground, we need not reach the second.

**¶14**       In deciding that it lacked jurisdiction over the trial court's orders vacating resentencing, the court of appeals reasoned that this is a PCR proceeding from which no right to appeal exists. Because Petitioners failed to file a petition for review, the court determined it had no jurisdiction to proceed. Ariz. R. Crim. P. 32.16.

**¶15**       Petitioners make two arguments why they are entitled to appeal. First, they assert the PCR proceedings concluded with the Supreme Court's mandate for resentencing, which essentially vacated their original sentences. Second and relatedly, each Petitioner contends that the dismissals of his resentencing affected his substantial rights. We agree with both arguments.

**¶16**       Although the courts below characterized the proceedings as PCRs, the substance of the proceeding controls over the form. *Engineers v.*

*Sharpe,* 117 Ariz. 413, 416 (1977) ("[T]he appealability of an order 'turns [up]on the character of the proceedings which resulted in the order appealed from.'" (quoting *Kemble v. Porter*, 88 Ariz. 417, 419 (1960))). Although Petitioners initiated their quest for resentencing as a PCR proceeding, they ultimately secured full relief when the Supreme Court and subsequently our court of appeals issued their mandates. Pursuant to those mandates, Petitioners were restored to the status of convicted but unsentenced defendants. At that point, the PCR process had effectively ended[1] and the trial court was to consider anew the appropriate sentences in light of the applicable Supreme Court decisions. *See, e.g., State v. Ortiz,* 104 Ariz. 493, 495 (1969) (holding that when a conviction is reversed due to an illegal sentence, "[t]he slate has been wiped clean and it is a new case").

**¶17**    The State concedes that if the trial court had conducted a resentencing rather than dismissing the PCRs, Petitioners would have been entitled to appeal even if the original sentences were reinstated. But that is a distinction without a difference, because restoring a prior sentence through dismissal and reinstating the original sentence through resentencing have the same effect. As a resentencing is in essence a new case for sentencing purposes, *see Ortiz*, 104 Ariz. at 495, the constitutional right to appeal "in all [criminal] cases" is implicated in this case, Ariz. Const. art. 2, § 24.

**¶18**    In *Jordan v. Jordan*, 132 Ariz. 38 (1982), this Court held that "after decision on appeal and remand the lower court is bound to follow the law set forth in the . . . mandate," but that is subject to the exception that "while the case is still pending, and in the interim between the rendition and implementation of the mandate, there has been a change in controlling law." *Id.* at 43–44. Here, the trial court determined that "the state of the law changed" in that *Jones* dictates that the original sentences conform to *Miller* and *Montgomery*. But restoring a prior sentence due to changed legal circumstances is still a decision on the merits: it is the outcome of the mandated resentencing even if it is the same as the original sentence rendered. And the legal determination that produced the outcome is no

---

[1] At oral argument, the State did not dispute this analysis, relying instead on the trial court's characterization of the proceeding as PCR, and was unable to cite any authority for that characterization.

less subject to appeal. *Cf. Engineers*, 117 Ariz. at 416 (holding that granting a motion for reconsideration after judgment is an appealable order).

¶19 Indeed, regardless of the nature of the proceedings, § 13-4033(A)(3) ensures a right to appeal because the dismissal of the resentencing is "[a]n order made after judgment affecting the substantial rights of the party." Here, the Supreme Court determined and the State stipulated that Petitioners were entitled to resentencing. The resentencings were dismissed based on the trial court's determination that an intervening Supreme Court decision changed the law. That determination unquestionably affected Petitioners' substantial rights, and therefore it is subject to appeal.

¶20 The State relies on *State v. Jimenez*, 188 Ariz. 342 (App. 1996), for the proposition that a defendant may not circumvent the PCR process through a direct appeal. In that case, the defendant sought to appeal from a trial court's post-conviction decision not to modify conditions of probation contained in a plea agreement. *Id.* at 343. The appeals court noted that § 13-4033(B) expressly prohibits direct appeal of judgment that results from a plea agreement, and thus appellate review of a denial of modification is confined to a Rule 32 PCR proceeding. *Id.* at 344. Petitioners here are in a tangibly different situation. They are not attempting to appeal from a judgment that resulted from a plea agreement, which is precluded under § 13-4033(B). Rather, Petitioners successfully secured relief through the PCR process, but that relief was abrogated by the trial court's determination that the controlling law had changed. That ruling, in contrast to the denial of a motion to modify probation in *Jimenez*, affects Petitioners' substantial rights and is subject to direct appeal.

¶21 The State's reading of § 13-4033(C) to forestall direct appeal of a trial court's dismissal of a Supreme Court mandated resentencing could create a situation where a defendant can neither file a direct appeal nor a PCR given that Rule 32.1 prohibits a petition for review where the order is appealable. The law cannot tolerate a situation where either avenue a person chooses to exercise his constitutional right to appeal is a dead end. *See, e.g.*, *Knick v. Township of Scott*, 139 S. Ct. 2162, 2167 (2019) (overruling a Supreme Court case that prevented property owners from bringing their claims in federal court without going to state court first and also barred a federal claim if a plaintiff lost in state court). Section 13-4033(A)(3) makes

clear that where an individual's substantial rights are affected by a post-conviction order, such order is appealable. The contrary court of appeals decisions elevate form over substance and, therefore, diminish Petitioners' constitutional right to appeal.

## CONCLUSION

**¶22** For the foregoing reasons, we conclude the court of appeals had jurisdiction over the appeals in these cases. We remand to that court for consideration of the issues presented.